LAND, J.
In June, 1896, R. M. Walmsley & Co. obtained judgment in solido against W. P. Theus and W. W. Armistead on three notes—one for $2,000, less a credit of $642.72, signed by Theus & Armistead, and two for $2,549.30 each, reading “I promise to pay,” and signed by W. P. Theus and W. W. Armistead.
In the petition it was alleged that the defendants “formerly were commercial partners doing a commercial business in the town of Arcadia, Bienville parish, La.,” and that the last two notes were secured by a special mortgage executed by W. P. .Theus on certain real estate situated in said parish. The judgment ordered this mortgage to be recognized and enforced.
It appears that W. W. Armistead, having paid this judgment in the year 1902, caused execution to issue thereon, under which was seized certain real and personal property belonging to W. P. Theus, who thereupon instituted the injunction suit now before this court.
Plaintiff dirges that the notes merged in said judgment were debts of the commercial firm of Theus & Armistead, which was dissolved, but never had been liquidated, and that there has never been a settlement of accounts between the partners. Plaintiff further alleges that upon a full, fair, and complete settlement of the partnership of Theus & Armistead he would owe W. W. Armistead nothing, but, on the contrary, said Armistead would be indebted unto him.
According to the allegations of the petition the note for $2,000 represented a debt contracted directly by Theus & Armistead, and the other two notes represented a debt originally due by Theus & Co., which was assumed by its successor, Theus & Armistead; the consideration being a large amount of notes, accounts, and moneys received by the new firm from the old firm.
W. W. Armistead having died, his widow and heirs were made parties to the suit. Defendants for answer, after pleading the general issue, averred that W. W. Armistead and Theus & Armistead were securities only on the obligations sued on and merged in the judgment in the case of R. M. Walmsley & Co. v. Theus & Armistead; that said obligations represented a debt contracted by the old firm of Theus & Co., of which W. P. Theus was a member, and were executed as security in effect for account of W. P. Theus and W. P. Theus & Co., and the members thereof; and that W. W. Armistead, *798 having paid said judgment, was 'thereby legally subrogated to all the rights of R. M. Walmsley & Co.
Answering further, the defendants aver in the alternative that the partnership of Theus & Armistead was dissolved in the year 1893, and that W. P. Theus gave his duebill to W. W. Armistead for a balance due W. W. Armistead for his interest in all the remaining assets of the firm, agreeing to pay the ■debts, but disposed of the property of the firm, and has left all the debts for W. W. Armistead to pay.
Defendants further aver that by such disposition of the assets and the insolvency of W. P. Theus W. W. Armistead was forced to pay off all the debts of the firm; that the judgment in favor of Walmsley & Co. was ' paid after the alleged dissolution of the firm, and after the giving of the alleged duebill to W. W. Armistead; and that he, by payment of the judgment and by transfer and legal subrogation, acquired the full ownership of the judgment.
Defendants prayed for the dismissal of the ■suit and the dissolution of the injunction, with reservation of their rights to sue for damages.
There was judgment in favor of the plaintiff, sustaining and perpetuating the writ ■of injunction and quashing the writ of fieri facias. Defendants have appealed.
The firm of W. P. Theus & Co., composed of W. P. Theus and James Brice, was dissolved in 1889, and the firm of Theus & Armistead was formed in January, 1890. W. P. Theus retained possession of the assets of the old firm for the purposes of liquidation. R. M. Walmsley & Co. were creditors of Theus & •Co. for a considerable amount, and also became creditors of the new firm, which on November 2, 1891, executed its note in favor of Walmsley & Co. for $2,000, payable 90 days after date. On its face, this note is :an obligation of Theus & Armistead, and the evidence shows that it was given for a balance due for merchandise sold to said firm.
On November 2, 1891, W. P. Theus and W. W. Armistead executed their two notes to order of Walmsley & Co. for $2,519.30 each, with 8 per cent, interest from date, due, respectively, November 2, 1892, and November 2, 1893, and on the same day W. P. Theus, in order to secure the payment of said notes, executed a special mortgage in favor of Walmsley & Co. on certain lots and lands situated in the parish of Bienville. This mortgage was by private act, and was on December 28, 1891, canceled by the substitution of another special mortgage by public act, and new notes were executed of the same date with the act of mortgage, but otherwise of the same tenor as the notes executed on November 2, 1891.
These two notes undoubtedly represented a debt due by Theus & Co. to Walmsley '& Co., and for which Theus & Armistead and W. W. Armistead were in no wise hound.
Armistead individually signed the notes and thereby made himself liable.
The firm of Theus & Armistead was no party to the notes, and was not bound for the debt due Walmsley & Co.
The testimony of W. P. Theus is to the effect that Theus & Armistead had collected out of the notes and accounts belonging to Theus & Co. an amount more than sufficient to pay the debt due Walmsley & Co., and that he and Armistead. signed the two notes in order to keep the money .thus collected in the firm of Theus & Armistead. The commercial books of that firm have been destroyed by fire; but the testimony from recollection of two witnesses, who were bookkeepers for the firm at different times, tends to show that the two notes were charged to Theus & Co.
Mr. Butler, an attorney, who represented Walmsley & Co. in the settlement, had no very definite recollection of the reasons which induced Armistead to sign the notes, but tes *800 tilled, that he prevailed with Armistead to sign the notes with Theus, and “to let old man Brice out on account of his age,” and that “there seemed to be a disposition with all the parties to let Brice out of the business and substitute Armistead for Brice.” Mr. Butler was a witness for the defendants, and his testimony shows that Walmsley & Co. accepted Armistccid as a debtor in the place of Brice. Walmsley & Co. did not by this transaction become creditors of the firm of Theus & Armistead. In the two acts of mortgage there is no reference to that or any other firm. It is significant that three notes were executed on the same day in favor of Walmsley & Co., and only one of them was signed in the firm name of Theus & Armistead.
Hence it cannot be said that the two notes in favor of Walmsley & Co. represented a debt due by the firm of Theus & Armistead. These notes are on their face individual obligations of W. P. Theus and W. W. Armistead.
The execution of these two notes extinguished by novation a debt due by W. P. Theus & Co., and whatever rights resulted from the transaction inured to the benefit of W. P. Theus and W. W. Armistead.
The resulting claim against Theus & Co. belonged to them, and not to Theus & Armistead. If the notes were subsequently made to compensate a claim of Theus & Co. against Theus & Armistead, the transaction cannot be considered in any other light than a contribution by W. P. Theus and W. W. Armistead to the assets of the new firm, just as if they individually had purchased property and then turned the same over to the partnership.
Hence we conclude that the two notes do not represent a partnership transaction, and that the solidary makers stand to each other in the relation of individuals and not of partners. There is no evidence in the record to show that W. W. Armistead signed the two notes as surety for W. P. Theus; but the evidence tends to show that Armistead was substituted for Brice.
Having paid the two notes merged in the judgment, W. W. Armistead is entitled to claim from W. P. Theus his portion or one-half, and is subrogated pro tanto to the rights of the judgment creditors. Civ. Code, arts. 2103, 2104, 2101.
The alleged settlement of partnership accounts is not sustained by the evidence. W. W. Armistead retired from the partnership in January, 1893, having drawn out all the capital which he had invested in the concern. On July 19, 1893, W. P. Theus executed in favor of W. W. Armistead a duebill for $2,789.25, bearing 8 per cent, interest from date, for his interest in the notes and- judgments of the firm of Theus & Armistead.
The most that can be said of this duebill is that it evidences a purchase of the interest conveyed. All the direct evidence shows that there was no settlement of accounts between the partners. The firm was hopelessly insolvent, and both Armistead and Theus were at the date of the duebill consulting counsel relative to transferring all their property to their respective wives, and both transfers were made on or about the date of the duebill. W. P. Theus transferred to his wife all the notes, accounts, and judgments mentionedin the duebill. The direct testimony of Theus and one of the attorneys consulted is to the effect that it was understood that the duebill was not to be collected, but was to be held by Armistead merely as evidence to show what was the amount of his interest in such assets. As the firm was hopelessly insolvent, his residuary interest in the uncollected notes, accounts, and judgments was worth nothing. Reading between the lines, it is evident that the purpose of the duebill was to put the title to such assets in the name of W. P. Theus, so that he could transfer the same to his wife in payment of her paraphernal claims against him.
*802 Partnership assets could not be legally transferred for such a purpose, owing to the superior preference of partnership creditors.
Theus and Armistead were brothers-in-law, and the transaction seems to have been a family arrangement to defeat the pursuit of creditors.
There having been no settlement of partnership accounts, the payment by Armistead of the balance of the note of the firm for $2,000 gives him no right of action for the specific amount so paid against W. P. Theus. As to such claims, the sole remedy of the partner is by suit for the settlement of the partnership. Reddick v. White, 46 La. Ann. 1207, 15 South. 487, and authorities there cited.
Our conclusion on the whole case is that the execution and seizure should be maintained as to one-half of the sum of $5,098.60, representing the aggregate of the two individual notes, with interest and costs as per judgment in favor of R. M. Waimsley & Co. in liquidation.
It is therefore ordered, adjudged, and decreed that the injunction sued out herein be dissolved, and the execution and seizure be maintained as to one-half of the sum of $5,098.60, with 8 per cent, per annum interest thereon from November 2, 1891, and one-half of the costs indorsed on writ of fieri facias issued in the suit of R. M. Waimsley & Co. v. W. P. Theus and W. W. Armistead; and it is further ordered and decreed that the judgment appealed from, as thus amended, be affirmed, and that plaintiff pay the costs of this appeal.