## NELSON v. KINNEBREW et al.

### No. 4148.

Court of Appeal of Louisiana. Second Circuit, Second Division.

March 16, 1932.

J. Rush Wimberly, of Arcadia, for appellant.

Lamont Seals, of Homer, for appellees.

CULPEPPER, J.

In 1908 the Bank of Minden obtained judgment in district court of Claiborne parish against A. K. Clingman, A. Kinnebrew, and others in solido in the principal sum of $5,400, less certain credits. In 1909 the bank sold and transferred the judgment to C. O. Ferguson. In the act of transfer, it was agreed and understood that all of the judgment debtors, except A. K. Clingman and A. Kinnebrew, were released from all liability on the judgment; those released being sureties only on the judgment debt for said Clingman and Kinnebrew "who are looked to alone for payment as the principal obligors by the transferee and subsequent holders," and the judgment was ordered canceled in so far as said sureties were liable, "reserving to the transferee all rights acquired as against A. K. Clingman and A. Kinnebrew." Substantial payments had been made on the judgment prior to its transfer.

In 1918, a short time before the judgment would have prescribed, C. O. Ferguson revived it as against said Clingman and Kinnebrew in solido. On June 25, 1920, after certain credits being made on the judgment, C. O. Ferguson sold and transferred the judgment to A. Kinnebrew, the effect of which was to extinguish by confusion the judgment as to one-half of it, but left same executory against A. K. Clingman as to the remaining half. See Civ. Code, art. 2161; Theus v. Armistead, 116 La. 795, 41 So. 95.

In June, 1928, A. Kinnebrew caused execution to issue on this judgment and had certain property belonging to the estate of A. K. Clingman (then deceased) seized, and same was advertised for sale. The present suit followed.

Plaintiff, G. G. Nelson, had obtained a judgment against A. K. Clingman in 1911, which he had revived in 1921. Plaintiff alleges in substance that the Bank of Minden released all of the solidary obligors on its judgment except A. K. Clingman, which act constituted an extinguishment of the judgment as to all parties; that when C. O. Ferguson as transferee attempted to revive the judgment he did so only as to said Clingman; that since it was a solidary obligation against all of the original parties, the release of all except Clingman operated an abandonment and extinguishment of the obligation as a whole; the attempted execution by A. Kinnebrew upon the judgment at this time "constituted and

is and was a fraud on the rights of your petitioner herein and greatly to his injury." Plaintiff demands the cancellation of the judgment and annulment and setting aside of the proceeding looking to the execution of same.

■ As regards this phase of the case, the record shows that A. K. Clingman and A. Kinnebrew were the only two principal obligors on the original note upon which the Bank of Minden sued when it obtained the judgment in question. All of the others (eight in number) were sureties only. The bank had the right to release these sureties without prejudice to its rights against the principal obligors. Civ. Code, art. 2205. The bank did not release either of the two principal obligors, Clingman and Kinnebrew, but released only the sureties.

■ But the bank went further, apparently pursuant to article 2203 of the Civil Code, and expressly by conventional act reserved its rights and those of its assignee and assigns against Clingman and Kinnebrew. This being true, the obligation represented by the judgment was not abandoned or extinguished as to these two. When C. O. Ferguson revived the judgment he did so as to both Clingman and Kinnebrew; therefore there was no abandonment nor extinguishment in that connection.

■ Plaintiff next attacks the judgment by alleging that its attempted transfer by C. O. Ferguson to A. Kinnebrew operated as a fraud upon plaintiff's rights, and, if not a fraud, then the acquiring of same by one of the solidary obligors on it constituted an extinguishment by confusion. Plaintiff has submitted no proof whatever of any fraud. Article 2161 of the Code provides that subrogation takes place of right "For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."

In Theus v. Armistead, 116 La. 795, 41 So. 95, the Supreme Court of this state in construing this article, said:

"One of two debtors in solido on payment of a judgment against both is subrogated to the rights of the judgment creditor against his codefendant to the extent of his part and portion of the debt, including interest and costs."

The record in this case shows that C. O. Ferguson sold and conveyed the judgment in question to A. Kinnebrew June 25, 1920; the transfer reciting that same was "for value received in full of him therefor and subrogate him to all of my rights and actions thereunder. [Signed] C. O. Ferguson."

We see no difference in paying a judgment by one of the codebtors and purchasing it. The result is the satisfaction of and settlement with the judgment creditor, and the subrogation spoken of in article 2161 of the Code would, so it seems, take place in the latter case as in the former.

While extinguishment by confusion would take place as to the payor or purchaser's part of the debt, his codebtor's part would not be extinguished, but the payor or purchaser would thereby become legally subrogated to same.

Plaintiff further in the alternative pleads that the judgment in question has been extinguished by payment, but he produces no evidence whatever tending to support such contention. There were other alleged grounds on which the judgment was sought to be attacked, none of which were proven upon the trial of the case.

After answer of general denial the case was tried resulting in a judgment rejecting plaintiff's demands, from which he appealed.

■ Plaintiff has made no appearance in support of the appeal by counsel on oral argument, or by filing briefs. In such cases it is a well-settled rule of this court and of the Supreme Court that the judgment of the district court will be affirmed on the presumption that it is correct, unless it is manifest from the record that same is erroneous. Cloud v. Industrial Lbr. Co., 17 La. App. 592, 135 So. 377; Schwan v. Peterman, 123 La. 726, 49 So. 486.

From the examination we have given of the record, the judgment appealed from disclosed no reversible error. Plaintiff has failed to prove that the judgment which he has attacked has been abandoned or extinguished. On the contrary, the judgment is fully shown to be alive and enforceable; also that it is senior to and outranks the judgment held by plaintiff and which he seeks to protect.

Judgment affirmed.