## ELMER CANDY CO., Inc., v. BAUMANN et al.

### No. 4593.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

W. H. Cook and L. A. Newsom, both of Shreveport, for appellant.

Byron A. Irwin, of Shreveport, for appellees.

MILLS, Judge.

The Elmer Candy Company, Incorporated, entered into a written contract for the sale of its products to A. O. Hill. To secure the payment of any balance due up to $400, W. H. Baumann, L. H. Marioneaux, and L. B. Roach signed a clause in the above contract reading as follows: "In consideration of the Elmer Candy Company, Incorporated, and Specialty Candy Company, Incorporated, the above named sellers extending credit to the above named buyer, we, the undersigned, do hereby jointly and severally enter ourselves as sureties, in solido and unconditionally promise, guarantee and agree to pay the said seller for all products sold and delivered to said buyer under the terms of the above contract, hereby expressly consenting and agreeing to all the terms and conditions thereof; hereby binding our heirs, administrators, executors, and assigns. * * * "

A balance of $361.59 remaining unpaid, the candy company brought this suit to recover the amount against Hill, Baumann, Marioneaux, and Roach. A default judgment taken against Hill is not appealed from. The other three defendants, sureties on the above contract, set up that plaintiff could not recover against them because of the unconditional release by plaintiff of L. H. Marioneaux from all liability under this contract. The release is amply proven by the following correspondence filed in evidence:

"Shreveport, La., May 3, 1931.
"Elmer Candy Company,
"New Orleans, La.
"Gentlemen:
"We have your letter advising that you have my signature as surety for A. O. Hill.

428

"This is to advise you that I want my name cancelled as surety.

"Yours truly,      L. H. Marioneaux."

After some further correspondence, the candy company wrote:

"New Orleans, La., July 7, 1931.
"Marioneaux Drug Store,
"Shreveport, La.
"Dear Sir:

"We have yours of July 3rd at hand and the only reason that we have for writing you in regards to your endorsement for Mr. A. O. Hill was due to the fact that we felt that you did not exactly understand the transaction, as we had no intention whatsoever of insisting that you stay on as endorsement on his contract.

"We have released you on this endorsement as per your letter dated June 18th, and on this date we have cancelled your endorsement on his contract. * * *"

The lower court sustained this defense and rejected plaintiff's demands against the sureties, from which judgment plaintiff prosecutes this appeal.

■ The first contention of plaintiff is that it was its intention to release Marioneaux only as to future indebtedness accruing after the date of the release, and that at that time Hill was in arrears more than $400. The wording of the correspondence does not support this contention. It is obvious that, as the guaranty was only for an amount not in excess of $400, the release, under the construction of plaintiff, would amount to nothing. Furthermore, as stated, the written release is absolute, unconditional, and without reservation. There is no expression showing any intention to hold Marioneaux for any sum whatever, under his indorsement.

■ By the plain terms of the written agreement, Marioneaux, Baumann, and Roach, while sureties, became codebtors in solido with Hill and among themselves. Revised Civil Code, art. 2091; North British M. Ins. Co. v. Patterson & Shirley, 5 La. App. 327.

This obligation in solido does not change their character as sureties. Nelson v. Kinnebrew et al. (La. App.) 140 So. 139. But it does render the contract subject to regulation by the same principles established by the civil code for debtors in solido.

■ Article 3045 of the Revised Civil Code provides: "The obligation of the surety towards the creditor is to pay him in case the debtor should not himself satisfy the debt; and the property of such debtor is to be previously discussed or seized, unless the security should have renounced the plea of discussion, or should be bound in solido jointly with the debtor, in which case the effects of his engagement are to be regulated by the same principles which have been established for debtors in solido."

It is apparent then that the provisions of article 2205 of the Revised Civil Code, reading:

"The remission or even conventional discharge granted to a principal debtor, discharges the sureties.

"That granted to the sureties does not discharge the principal debtor.

"That granted to one of the sureties does not discharge the others."
—do not apply in this case.

Article 2203 of the Revised Civil Code reads: "The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter. In the latter case, he can not claim the debt without making a deduction on the part of him to whom he has made the remission."

The conclusion, therefore, cannot be escaped that the release of Marioneaux not only relieved him from responsibility under the contract of suretyship, but also released his cosureties.

The judgment of the lower court is correct and is affirmed.