185 So. 880

PEOPLE'S HOMESTEAD & SAVINGS ASS'N v. WORLEY et al.

No. 35041.

Jan. 10, 1939.

H. D. Montgomery, of Monroe, for appellant.

J. Normann Coon, of Monroe, for appellees.

FOURNET, Justice.

Plaintiff, the People's Homestead and Savings Association, alleging that it secured a judgment against the defendant, M. Z. Worley, and one J. D. McGee, in solido, on July 15, 1931, which was recorded in the mortgage records of Ouachita parish, and that on January 30, 1935, its then attorneys, without authority and through a misunderstanding or error, cancelled the said judgment without reserving its rights as to M. Z. Worley, instituted this suit against Worley and the clerk of court of Ouachita parish to have the judgment reinstated in so far as M. Z. Worley is concerned.

The case was submitted on exceptions of no cause and no right of action, which were sustained by the trial judge. The plaintiff has appealed.

■ "A mortgage, when duly recorded, can be erased from the books of the recorder only in one of the modes pointed out by law, that is, by the consent of the mortgagee, or by a judgment decreeing such erasure. Civil Code, arts. 3335, 3336 [Revised Civil Code articles 3371 and 3372]." (Brackets ours.) Macarty v. Landreaux, 8 Rob. 130.

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter." Article 2203 of the Revised Civil Code. See, also, Fridge v. Caruthers, 156 La. 746, 101 So. 128, and Elmer Candy Co. v. Baumann, La.App., 150 So. 427.

It is argued by counsel for appellee that "* * * there exists a rule of law in this State and elsewhere to the effect that one person cannot take advantage of his

own error and mistake * * *" to have an instrument reformed, and that courts will not lend their aid in their "* * * equity jurisdiction to reform an instrument and correct a mistake and error unless the mistake and error was mutual between all parties to said instrument and all parties affected thereby." They cite as authority therefor the case of Crowell v. New Hampshire Fire Insurance Company, 147 So. 762, a decision of the Court of Appeal of Louisiana, Second circuit.

The above citation is not authority for the contention of appellee. It is authority only for the proposition that where the insurer's agent changed the beneficiary at the request of a third party, without the insurer's knowledge, notwithstanding that renewals were also issued in the wrong name, before loss, such change constituted a mutual mistake and warranted reformation of the policy.

In the instant case the plaintiff, having alleged that its attorneys, without its authority, erroneously cancelled the judgment against J. D. McGee without reserving its right against his co-obligor, M. Z. Worley, has, in our opinion, stated a cause of action to have the same reinstated as to the latter.

For the reason assigned, the judgment of the lower court is· annulled and it is now ordered, adjudged, and decreed that the case be remanded to the lower court for further proceedings according to law and consistent with the views herein expressed, cost of this appeal to be borne by appellee, all other costs to await the final disposition of· this case.