PIENRY F. TURNER, Judge pro tem.
This is a suit by an orthopedic surgeon to recover the value of professional services rendered by him to one Pliclc J. Chera-mie, Jr. Also made a defendant in the case is Travelers Insurance Company, who had issued a group comprehensive medical expense policy to one Nolty J. Theriot, Inc., the employer of Hick J. Cheramie, Jr., and which policy inured to the benefit of Chera-mie. Maximum limit under the policy is $5,000.00, subject to certain deductibles. At the time the case was called for trial, Hick J. Cheramie, Jr. was deceased and the plaintiff voluntarily dismissed the suit insofar as he was concerned.
Plaintiff sought to collect a fee of $4,-325.00 for services rendered to Cheramie, who was injured in a boating accident on October 23, 1960, when he fell out of a motor boat and was struck on his right arm by the motor’s propeller. The injuries were of a severe and serious nature.
Following the accident, Cheramie was given first aid treatment at Cut Off or Gal-liano, Louisiana, where he remained for nine days. On November 1, 1960, he was admitted to Baptist Hospital in New Orleans, and on November 3, 1960, Dr. Loomis performed surgery on his injured right arm. The surgery lasted about four hours, and Dr. Loomis saw Cheramie daily thereafter until he was discharged from the hospital on November 14, 1960. He was again admitted to the hospital on November 28, 1960, for further treatment and was discharged the second time on November 30, 1960. The results of the surgery and treatment were excellent. Insofar as the record shows, Cheramie’s death was in no way connected with the boating accident or the ensuing surgery and treatment by Dr. Loomis. Dr. Loomis submitted his bill in the amount of $4,325.00, which the defendants declined to pay, protesting that the amount was unreasonable and excessive, and not consistent with charges usually made in this community for services in cases of a similar nature.
On trial of the case, plaintiff testified in his own behalf that he thought that the charge was entirely reasonable and he was corroborated in this by one Dr. Blaise Sal-atich, also an orthopedic surgeon.
Doctors H. R. Soboloff and G. Gernon Brown, Jr., who are both experienced orthopedic surgeons in the New Orleans area, *546 testified, in effect, that $600.00 and $1,000.-00, respectively, would have been reasonable charges for the services performed by Dr. Loomis in this case. The doctors testified at great length and in great detail, and the judge of the lower court was impressed with the testimony of Dr. Soboloff and Dr. Brown, and on the basis of their testimony concluded that $1,275.00 would have been a reasonable fee in the case. Applying the deductible, or the percentage of coverage afforded by the policy, in the case to this amount the lower court gave judgment for plaintiff in the amount of $972.52.
It is from this judgment that plaintiff feels aggrieved and has appealed to this court.
The law is well settled that whenever charges of doctors or surgeons are contested as being unreasonable, it is within the province of the court to adjust same to conform to the charges prevalent in the area wherein the services were rendered. Our courts have never hesitated to reduce charges where the proof disclosed that they were unreasonable and excessive. The lower court in this case has found from the evidence that Dr. Loomis’ charge was excessive, and a review of the testimony of the four doctors by this court has failed to convince us that it was in error. In the absence of palpable error, we will not disturb the findings of the lower court on questions of fact.
In the case of Spencer v. West, La.App., 126 So.2d 423, 97 A.L.R.2d 1224, the court made the following observations, with which we fully agree and therefore quote:
“ * * * It should be observed, however, that should professional fees continue to increase and become a burden to the public, governmental regulation will be urged as a correction, even though many consider socialized medicine detrimental to our system of free enterprise.”
We may add to this that events in other countries, since this statement by our brothers of the Second Circuit was made, convince us more vividly than ever that the doctors in this country are not only inviting socialized medicine but are urging it posthaste.
Finding that the judge of the lower court has neither abused his discretion nor acted arbitrarily in rendering the judgment appealed from, we are of the opinion that the same is correct and it is therefore affirmed.
Affirmed.