SAVOY, Judge.
This is an action in tort. Plaintiff was injured in an automobile accident. Liability *677 is not at issue on appeal. The only issue for determination is whether a jury award in favor of plaintiff in the sum of $21,200.00 was so excessive so as to be a clear abuse by the jury under the guidelines set forth in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, and Ballanga v. Hymel, 247 La. 934, 937, 175 So.2d 274.
Plaintiff suffered a whiplash injury on November 13, 1966.
She was seen and examined by Dr. C. J. Schexnaildre, Jr., on November 14, 1966. He made a general examination of the patient. Positive findings were tenderness in the neck muscles, difficulty in moving neck from side to side, pains along both sides of the spine in the upper part and lower part of the back, normal reflexes, contusions of legs and thighs on both sides. The doctor was of the opinion that Mrs. Richard suffered a whiplash injury of the neck and lumbar and thoracic paravertebral muscle strain. He saw her on November 18, 21, and 28, 1966, and December 13, 1966, and January 10, 1967. Plaintiff was nervous and did not want to return to her prior employment because she did not like her employer. She was again examined in February of 1967 and the doctor found muscle spasms. She was seen on February 24, 1967, and neck traction was prescribed. She was last seen on April 5, 1967. Between February 24 and April 5, 1967, the doctor sent plaintiff to Dr. Thomas Duncan, an orthopedist. On the April 5, 1967, examination, plaintiff had full range of motion and only complained of a slight pulling sensation in the neck. On cross-examination the doctor stated he did not feel plaintiff had suffered serious injuries. He felt that one month after the accident she should be working.
Plaintiff complained of neck pain prior to the injury due to nervousness and tension; pain in February and March of 1967 was due to nervousness and anxiety and not from injury. Her father had suffered a heart attack, and her son had an illness also, and she did not get along with her employer.
Dr. Duncan: An orthopedist. Saw and examined plaintiff on March 13, 1967. She was referred to him by Dr. Schexnaildre. His opinion was that plaintiff suffered a cervical sprain of the neck and lumbosacral strain of the low back. Plaintiff had good range of motion. No objective findings. No dislocation (subluxation). He recommended the plaintiff return to work.
Dr. Boustany: Physician and surgeon. Saw plaintiff in emergency room on the date of the accident. He found plaintiff to have a mild to moderate sprain of the cervical region. He was of the opinion that plaintiff would be alright in six to eight weeks.
Dr. Webre: Specialist in orthopedic surgery. He examined plaintiff on December 7, 1966. His opinion was that plaintiff suffered a cervical strain of the neck at the time of the accident. Neck movement relatively good; reflexes normal. He felt she suffered strain of neck and back. No subluxation (dislocation).
Dr. Salatich: An orthopedist. He examined plaintiff on May 16, 1967. He found subluxation-dislocation slipping of vertebra between 4 and 5. His opinion was that plaintiff suffered moderate cervical syndrome of whiplash nature and lower back injury. Injuries of a permanent nature.
Dr. Lowrey: A specialist in orthopedic surgery. Examined patient March 28, 1968. Upon examination he found she had a preexisting “swayback” defect in the lumbar area and arthritic lipping on C-5 protruding into the C-5 C-6 interspace. These preexisting defects were probably aggravated by the accident and caused temporary pain. However, at the time of Dr. Lowrey’s examination 16 months after the accident, he could find no muscle spasm in either the lumbar or cervical areas. All of his findings were within normal limits except a minor limitation of motion of the neck. Dr. Low-rey said he simply could give no opinion *678 as to whether this was caused by the preexisting arthritis or by the accident. In any event, it was his recommendation that the plaintiff return to work as a cashier at the foodstore.
The overwhelming preponderance of the expert medical testimony, particularly that of the Board Certified orthopedists, is that plaintiff has recovered and should return to work. In view of the medical testimony, we are of the opinion that the jury in making such a large award abused the large discretion vested in it and that the award in this case should be reduced to $10,000.00.
For pain and suffering we have allowed $6,500.00. Plaintiff testified when she was injured she was earning $84.00 per week as a cashier. Her treating physician testified she could return to work in early April of 1967. We are allowing her 5 months for loss of earning or a total of $1,875.00. Her medical expenses approximated $1,-250.00 and damages to her car $350.00. We have rounded all of the above items to the sum of $10,000.00.
For the reasons assigned, the judgment is amended by reducing the jury award from $21,200.00 to $10,000.00 and, as amended, it is affirmed at appellants’ cost.
Amended and affirmed.