267 So.2d 608 (1972)
Richard C. HILLEBRANDT
v.
HOLSUM BAKERIES, INC. and Travelers Insurance Company.
No. 4974.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1972.
Rehearing Denied October 17, 1972.
Harold J. Lamy, New Orleans, for plaintiff-appellee.
R. Henry Sarpy, Jr., New Orleans, for defendants-appellants.
Before REDMANN, LEMMON and BAILES, JJ.
REDMANN, Judge.
Defendant appeals as to quantum only in this automobile damage and personal injury action.
The trial court awarded $2,700 for three months' lost wages, $1,088 doctor's bill, and $2,500 general damages. The trial court awarded the entire doctor's bill despite its expressed opinion (supported by another physician's emphatic opinion) that the treatment and charges were excessive.
Following the April 7, 1969 accident, plaintiff consulted a general practitioner, Dr. Harry Philibert, for treatment of cervical and lumbar sprain. Over the next three months he was given some 58 "diapulse" thermal treatments and over 40 injections of lidocaine and hydrocortisone at spinal sites. On his doctor's advice and because of the strenuous nature of his duties as a stevedoring foreman he did not return to work until July 7, 1969, three months after the accident.
Following his return to work, he was examined monthly in July, August and September, and given 12 additional injections. He returned for a final visit the following January because of a flare-up and received four more injections.
Defendant's whole position is that the treating physician's excessive treatment of a minor shake-up (of which defendant's *609 expert, Dr. George Battalora, Jr., found no objective symptoms six weeks after the accident) has caused inflation of general damages and lost wages as well as medical cost.
Obviously the trial judge accepted Dr. Battalora's testimony that Dr. Philibert's diapulse treatments charged at $590 and injections charged at $270 were "gross overtreatment" of plaintiff's mild cervical and lumbar sprain.
However, a tortfeasor can hardly be allowed to select the tort victim's doctor, and in the absence of proof of fraud on the treating doctor's part such as would assure the victim's not having to pay the bill, he would have to pay it, and it was caused by the tort. We conclude it is a proper element of damage.
As to the loss of wages and general damages, there is no showing that plaintiff was malingering. His doctor and defendant's doctor disagreed on his condition, and plaintiff personally did not feel well enough to be anxious to return to work. His doctor's view was that he should not be obliged to return to work during three months, and the trial judge found as a fact a three month period of disability.
The $2,500 general damages is in our opinion within the trial judge's "much discretion," C.C. art. 1934, subd. 3, for mild cervical and lumbar sprain, with severe headache and cervical and lumbar muscle spasm, with some momentary discomfort in certain neck positions six weeks after the accident, a total period of disability of three months, a period of some discomfort after returning to work, and a flare-up as late as nine months after the accident.
The judgment is affirmed.
Affirmed.

ON APPLICATION FOR REHEARING
PER CURIAM.
Defendants' application for rehearing strongly urges that they should not have to pay for medical expenses which the trial court found excessive because an overtreatment of the tort injury.
We do not disagree with that proposition, but we conclude that it should not become an issue between tortfeasor and victim in the absence of unreasonable behavior by the tort victim in accepting the overtreatment. Our opinion erred in identifying the question whether the tortfeasor was liable to the victim with the question whether the victim was liable to the doctor for the overcharge (and we further erred in suggesting fraud by the doctor as the only circumstance under which the victim would not be liable).
This case does not present (as did Loomis v. Travelers Ins. Co., La.App., 1964, 169 So.2d 544, cited by defendants) the opportunity to deny to the doctor his excessive charges (due here to overtreatment), because the doctor is not a party to this suit.
In the present case the trial judge made this pertinent observation:
"The problem here is whether plaintiff should be put to the expense of recovering from Dr. Philibert the overpayment, or the expense of defending Dr. Philibert's claim, if the bill remains unpaid. While the treatment and charges were excessive, the court cannot and does not conclude that plaintiff was himself unreasonable in accepting Dr. Philibert's treatment and advice."
Of at least equal importance is the actual risk that the doctor might be successful in subsequent doctor-patient litigation, since additional expert evidence might satisfy the court that the doctor's treatment and charges were not excessive. (The tort suit's determination that they were excessive would not bind the doctor, who was not a party to the tort suit.) Thus there is the more serious problem that the victim, denied tort recovery of the charges as excessive, might still have to pay them as not excessive.
*610 In the absence of fault on the part of the patient in accepting the treatment, the fault which causes the patient's predicament is not that of the doctor alone, but that of doctor and tortfeasor. And it is foreseeable to the tortfeasor that the tort may place the victim in the hands of an overcharging or overtreating physician, since such physicians are not so unheard of as to make it unreasonably unlikely that overcharge or overtreatment of a tort victim may occur.
In our opinion the blameless tort victim should not bear the expense of litigating with his doctor and should certainly not bear the risk of having to pay tort-caused charges the tortfeasor escapes, since neither item is attributable to the victim's fault.
A tortfeasor is liable for additional suffering caused his tort victim by inappropriate treatment by the attending physician; Hudgens v. Mayeaux, 143 So. 2d 606 (La.App., 1962). See also Thibodaux v. Potomac Ins. Co., 201 So.2d 159 (La.App., 1967); Restatement Torts 2d § 457. The tortfeasor should similarly be liable to the victim for additional monetary damage caused by excessive treatment, which is also the result of the foreseeable cumulation of fault of tortfeasor and doctor.
As between tortfeasor and doctor, perhaps the tortfeasor should not ultimately be liable, since no one should have to pay a doctor for overtreatment. But as between tortfeasor and victim (not himself at fault in accepting the treatments) the tortfeasor must be liable.[1]
Whether a tortfeasor in such a situation can obtain relief by third-partying the doctor, or by subsequent suit as legal subrogee on the victim's claim for reimbursement of the overcharge, or by some other procedure, we cannot here decide.
Our initial decree was correct despite our incorrect statement relative to fraud by the doctor.
Rehearing is refused.
NOTES
[1] Richard v. Curtis, 216 So.2d 676 (La. App., 1969), may be characterized as denying lost wages because the plaintiff acted unreasonably in following one doctor's advice to refrain from working when "the overwhelming preponderance" of the medical testimony, including that of her first treating physician, was that she was fully recovered.

From the brief opinion in Obediencia v. Liberty Mut. Ins. Co., 403 F.2d 654 (5th Cir., 1968) denying part of medical expenses, it is not possible to determine whether the jury may have found plaintiff unreasonable in accepting the amount of treatment involved.