WICKER, Judge.
Plaintiffs, Darryl Blappert and Albert Bowman, filed suit against defendants, Earl Lopez and his liability insurer, Criterion Insurance Company, seeking damages resulting from an automobile collision with defendant Lopez on February 14, 1975.
Defendants answered and denied that either plaintiff was injured as set forth in the petition. Accordingly, defendants filed a third party petition against Dr. Julius L. Levy, Jr. seeking indemnity on the ground that the treatment afforded by him to the plaintiffs was excessive, unreasonable and unnecessary in view of the nature of plaintiffs’ injuries.
Third party defendant filed exceptions of vagueness and no cause of action to the third party demand. The trial court maintained the exception of no right of action and dismissed the third party demand. From that judgment defendants have appealed.
The issue presented for our decision is whether a defendant in a court action has a right to file a third party demand against the plaintiff’s treating physician for indemnity because the physician overtreated and overcharged the plaintiff.
Third party plaintiff relies heavily on the case of Hillebrandt v. Holsum Bakeries, Inc.[1] However, Hillebrandt does not decide the issue presented here.[2]
No authority is cited, nor can we find any, to establish or deny a right to file a third party petition against a treating physician under the circumstances of this case. However, two points seem to require no authority. Neither a defendant nor his insurer in a tort suit is party to the physician-patient contract or relationship between the plaintiff and his physician. In addition, neither defendant nor his insurer are the legal subrogees of plaintiff until they are cast in judgment and make payment thereof.[3] It is also important to notice in the present case the third party demand was filed against the treating physician at the inception of the proceeding, and not after the extent of plaintiffs’ damages had been ascertained in relation to the amount of treatment afforded by the physician.
Under all circumstances, we cannot hold that a defendant tort-feasor or his insurer has a right to file a third party demand against an injured party’s treating physician to establish overtreatment or overcharging.
The practical effect of allowing such a third party demand is to inhibit an injured *1333 party from receiving competent medical treatment from honest and ethical physicians. As in any other calling, there are a minority of physicians who will abuse the privileges afforded them by their profession. The procedure attempted to be used by defendants in this case, however, if allowed, will discourage physicians acting in good faith from treating a tort victim since in each such case the physician will run the risk of being required to retain counsel in each case to defend him against alleged excessive charges and will be obliged to spend substantial amounts for expert testimony to substantiate the reasonableness of his treatment and fees. The obviously foreseeable effect of this situation will be to deny competent medical treatment to injured parties or to raise the ever growing cost of medical services even further.
For the foregoing reasons, the judgment appealed from is affirmed, and the case is hereby remanded for further proceedings consistent with the views expressed herein. All costs of this appeal are to be paid by defendants; all other costs are to await the ultimate determination of the merits of this case.

AFFIRMED AND REMANDED.

. La.App., 267 So.2d 608.

. Id., at page 610.

.LSA-C.C. Art. 2161(3); Hutchinson v. Rice, 105 La. 474, 29 So. 898; Standard Motor Car Co. v. State Farm Mut. A. Ins. Co., La.App., 97 So.2d 435.