480 So.2d 440 (1985)
Helen ANTHONY
v.
NEW ORLEANS PUBLIC SERVICE, INC., John P. Hutchings, et al.
No. CA-3335.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Writ Denied February 21, 1986.
Charlton B. Ogden, II, Ogden, Ogden & McCune, New Orleans, for New Orleans Public Service, Inc.
Timothy G. Schafer, Schafer & Schafer, New Orleans, for United Services Auto. Ass'n.
Before KLEES, WARD and WILLIAMS, JJ.
WARD, Judge.
This appeal arises out of an appellate judgment ordering contribution between two tortfeasors found liable in solido. It presents a very narrow issue: Is one legal subrogee who pays an entire personal injury judgment entitled to legal interest on the portion of the judgment attributable to the second obligor from the date that the first obligor paid the entire judgment?
The facts of this case were set forth at length in an earlier appeal, see Anthony v. New Orleans Public Service, Inc., 449 *441 So.2d 666 (La.App. 4th Cir.), writ denied, 450 So.2d 968 (La.1984), and will be only briefly discussed. After trial on the merits, the Trial Court entered judgment in favor of plaintiffs, the Anthonys, for $96,546.86, and against the defendants, New Orleans Public Service, Inc. ("NOPSI"), John P. Hutchings and Hutchings' insurer, United States Automobile Association, in solido, for injuries sustained in a traffic accident. For the purposes of this opinion, Hutchings and USAA will be referred to as "USAA". NOPSI appealed suspensively and USAA appealed devolutively from the judgment.
Because all defendants were cast as solidary obligors and since USAA appealed devolutively, it was required to pay the Anthonys the entire judgment, including legal interest from the date of judicial demand. First, USAA made a payment of $58,455.56 which USAA contends was its virile share. Then, in response to the Anthonys' demand for the balance of the judgment, USAA made a second payment on July 22, 1983, of $59,786.48 which USAA contends was NOPSI's virile share. Consequently USAA satisfied the entire judgment in favor of the Anthonys through these two payments.
This Court in Anthony, supra, affirmed the judgment of the Trial Court against defendants but amended the judgment to recognize the third party demands of NOPSI and USAA, ordering each to contribute one-half of the total judgment. USAA now seeks contribution from NOPSI for the second payment of $59,786.48 plus interest on this amount at the rate of 12% from July 22, 1983, when USAA made the second payment. Although NOPSI acknowledged responsibility to USAA for $59,786.48, it denied that any interest is owed on this amount. USAA filed a Rule to Fix Interest on the $59,786.48 which the Trial Court denied without reasons.
USAA appeals the judgment of the Trial Court, contending that it is entitled to interest on NOPSI's virile portion of the judgment from the date that USAA satisfied the entire judgment. USAA's arguments are twofold. First, USAA argues that, by paying the entire judgment, it became legally subrogated to the rights of the Anthonys against its co-obligor, NOPSI, and as a legal subrogee, USAA's rights are identical to those of a surety, entitling it to the same remedies a surety would enjoy against NOPSI. Secondly, USAA argues that by virtue of its judgment for contribution against NOPSI and its payment of the entire judgment to the Anthonys, USAA became a judgment creditor of NOPSI for NOPSI's virile share of the judgment, including accrued interest.
Considering now USAA's first argument, the articles of the Louisiana Civil Code pertaining to subrogation have been extensively amended, renumbered, and reenacted by 1984 La.Acts 331, Sec. 1, effective January 1, 1985. The question of which version of the Code is applicable was not briefed by the parties. As a general rule, however, laws are deemed to be prospective in effect unless their language clearly indicates otherwise. La.C.C. art. 8 (West 1952); Green v. Liberty Mutual Insurance Co., 352 So.2d 366 (La.App. 4th Cir.1977), writ denied 354 So.2d 210 (La. 1978). Exceptions to this rule exist for merely procedural or remedial laws. Lott v. Haley, 370 So.2d 521 (La.1979). The articles in question are neither procedural nor remedial, and the legislature has not indicated that the articles should be given retroactive effect. Accordingly, we will apply the subrogation articles in effect at the time USAA paid the entire judgment and was awarded contribution by this Court.
Subrogation may be either conventional or legal. La.Civ.Code art. 2159. (West 1952) (repealed 1984 La.Acts 331, Sec. 1). Conventional subrogation is not at issue; USAA has not shown or argued on appeal that it executed an express subrogation agreement with the Anthonys.
As we have said, USAA does, however, argue that it was legally subrogated to the rights of the Anthonys. Legal subrogation occurs where a debtor bound with other debtors pays the debt on behalf of the others. La.C.C. art. 2161(3) (West *442 1952) (repealed 1984 La.Acts 331, Sec. 1); Blappert v. Lopez, 357 So.2d 1331 (La.App. 4th Cir.1978). Because USAA and NOPSI were held to be solidary obligors and since USAA had paid the judgment in full on July 22, 1983, we agree USAA became legally subrogated to the rights of the Anthonys on that date.
However, USAA also contends since it is a legally subrogated co-debtor it has the same rights as a surety. In support, USAA relies on the law that a "surety has the same right of action and same privilege of subrogation, which the law grants to codebtors in solido." La.C.C. art. 3053 (West 1952).
But this article does not mean that the converse  legally subrogated co-debtors have the same rights as a surety  is also true. The rights of sureties are not limited to those of co-debtors and, in fact, greatly exceed the rights of legally subrogated co-debtors. For example, a surety is subrogated to the full extent of payment which he was required to make for the benefit of the principal debtor or debtors. La.C.C. arts. 3052-53 (West 1952). A surety has a remedy against any of several principal debtors for the principal, interest and, in some instances, the costs which he has been obliged to pay as surety. La.C.C. art. 3052 (West 1952). Moreover, he may even bring suit, in some instances, against the principal debtor or debtors before he has made the payment. La.C.C. art. 3057 (West 1952).
Co-debtors, on the other hand, do not have the benefit of similar express provisions for interest and costs and may "claim from the others no more than the part and portion of each." La.C.C. art. 2104 (West 1977) (repealed 1984 La.Acts 331, Sec. 1). A solidary debtor is subrogated to the rights of the creditor against the other co-obligors only for their proportionate share of the debt. Makas v. New Orleans Public Service, Inc., 410 So.2d 351 (La. App. 4th Cir.1982); Note, Aiavolasiti: A Conflict Resolved, A Conflict Ignored, 40 La.L.Rev. 483 (1980). Hence, the codal articles pertaining to rights of sureties do not support USAA's argument.
We note that USAA incorrectly cites Theus v. Armistead, 116 La. 795, 41 So. 95 (La.1906), for the principle that USAA as a legally subrogated co-debtor may recover interest on NOPSI's share of the judgment. Theus involved a co-maker of a promissory note who satisfied the judgment of a conventional creditor. Our Supreme Court held the co-maker became legally subrogated to whatever rights such a creditor may have to interest. In the instant suit, however, USAA is obviously not a co-maker on a note and has not satisfied a judgment of a conventional creditor.
Thus, we reject the proposition that USAA has the same rights as a surety or a co-maker on a note, and we have found no authority which specifically entitles a legally subrogated co-debtor to interest on the payment of a personal injury judgment made on behalf of a co-debtor.
We also reject USAA's second argument that as a judgment creditor of NOPSI on its third-party demand for contribution it is entitled to interest on NOPSI's virile share from the date of payment of the entire judgment on July 22, 1983. For USAA to receive interest as a judgment creditor there must first be a judgment. USAA was not granted judgment on its claim for contribution until April 6, 1984, the date that the Trial Court's judgment was amended by this Court to uphold USAA's third-party demand for contribution. Anthony v. New Orleans Public Service, Inc., supra. Accordingly, interest could be calculated only from April 6, 1984, not from the date of payment.
As a judgment creditor, USAA would be entitled to post-judgment interest "as prayed for or as provided by law." La.C.C.Proc. art. 1921 (West 1961). USAA has neither shown in the record, aside from its Rule to Fix Interest, nor argued on appeal that it had prayed for interest in its third-party demand for contribution. Since we can find no law which would provide interest to USAA, and USAA has not *443 prayed for interest, USAA cannot be awarded interest under Civil Procedure article 1921. Lake Charles Harbor and Terminal District v. Prestridge, 182 So.2d 334 (La.App. 3d Cir.1966).
The Trial Judgment denying USAA's rule to fix interest is affirmed.
AFFIRMED.