BYRNES, Judge.
Plaintiff appeals the dismissal of his rule to compel the Recorder of Mortgages to reinstate the inscription of a judgment, can-celled after perfection of a suspensive appeal, to the original date of recordation.
On April 29, 1986, a money judgment was rendered in favor of plaintiff and against defendant. That judgment was recorded in the mortgage records for the Parish of Orleans on May 14, 1986. Subsequently, defendant obtained an order to take a suspensive appeal of the judgment and an appeal bond in the sum of $10,-000.00 was filed with the Clerk of Civil District Court. On July 17, 1986, the Recorder of Mortgages was presented with certified copies of the suspensive appeal order and of the bond and requested to cancel the inscription of the judgment. He complied with this request. On October 2, 1987, the suspensive appeal was dismissed because defendant failed to pay the additional appeal costs due the Clerk of Civil District Court for the Parish of Orleans.
*707 On October 14, 1987, plaintiff filed a rule to compel the Recorder of Mortgages to reinscribe the judgment rendered on April 29, 1986, as of May 14, 1986. From the dismissal of this rule plaintiff appeals.
On appeal plaintiff contends the judicial mortgage of May 14, 1986 should be rein-scribed as of the original inscription date due to the failure of defendant to properly have the original inscription cancelled and, alternatively, because of defendant’s failure to perfect his suspensive appeal.
La.C.C. Art. 3371 et seq. govern the erasure of mortgages. Inscription of mortgage can only be erased by the consent of the parties to the mortgage or by a judgment decreeing such erasure. La.C.C. Arts. 3371 and 3372; People’s Homestead & Sav. Ass’n v. Worley, 191 La. 453, 185 So. 880 (La.1939); Bornes v. Vernon, 64 So.2d 18 (La.App. 1st Cir.1953).
The erasure of this mortgage was not obtained by consent of the parties or judgment. The method of obtaining the erasure was fatally defective and, therefore, the mortgage was erroneously can-celled. Plaintiff is entitled to have the judgment reinstated as of the original date of recordation. See, Davis-Wood Lumber Company v. DeBrueys, 200 So.2d 916 (La.App. 1st Cir.1967). In light of this finding, the other issue raised by appellant is moot.
For the foregoing reasons, the judgment of the trial court is annulled and this case is remanded to the trial court for further proceedings not inconsistent with the views herein expressed. Costs of this appeal are assessed against the Recorder of Mortgages for the Parish of Orleans.
ANNULLED AND REMANDED.
LOBRANO, J., concurs with reasons.