ARTHUR RENAUDIN

VERSUS

GRAHAM LEAMING BOSWORTH, A/K/A
GRAHAM BOSWORTH

NO. 23-CA-499

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 826-071, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

August 14, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Timothy S. Marcel

**TRIAL COURT ORDER ANNULLED;**
**ORIGINAL RECORDATION REINSTATED**
    **SMC**
    **FHW**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ARTHUR RENAUDIN
    Frank W. Lagarde, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
GRAHAM BOSWORTH
    Brian A. Pena
    Autumn A. Town

**CHEHARDY, C.J.**

Plaintiff-appellant, Arthur Renaudin, appeals the trial court's August 4, 2023 order cancelling the recordation of this Court's May 17, 2023 judgment awarding Mr. Renaudin $100,000 against defendant-appellee, Graham Bosworth. For the reasons that follow, we nullify the trial court's ruling. Mr. Renaudin's recordation of the judgment in the Orleans Parish mortgage and conveyance records is to be reinstated with the same date and time as its original recordation.

The underlying facts relevant to this appeal may be found in the Court's previous opinion, *Renaudin v. Bosworth*, 23-98 (La. App. 5 Cir. 5/17/23), 367 So.3d 116. There, we reversed the trial court's ruling and granted summary judgment in Mr. Renaudin's favor. This Court simultaneously issued a separate judgment, which stated:

> For the reasons set forth in our opinion filed in the above entitled and numbered proceeding on this date:
>
> **IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is hereby rendered in favor of Arthur Renaudin and against Graham Leaming Bosworth, a/k/a Graham Bosworth, in the principal amount of one hundred thousand and no/100 ($100,000.00) Dollars, together with legal interest thereon from the date of judicial demand until paid, plus all costs of the proceeding, including the costs of the writ application, plus reasonable attorney's fees to be determined by the trial court on remand.

According to the briefs, on May 19, 2023, counsel for Mr. Renaudin had the May 17th judgment recorded in the Mortgage and Conveyance Office for the Parish of Orleans. On June 16, 2023, Mr. Bosworth filed a writ application with the Louisiana Supreme Court seeking review of the May 17, 2023 opinion and judgment.[1] On August 2, 2023, Mr. Bosworth filed an ex parte motion in the

---

[1] The Louisiana Supreme Court subsequently denied Mr. Bosworth's writ application seeking review of the May 17, 2023 opinion and judgment. *Renaudin v. Bosworth*, 23-845 (La. 10/10/23), 371 So.3d 453.

Jefferson Parish District Court arguing that the May 17th judgment was not a final judgment and therefore unsuitable for recordation.

The next day, counsel for Mr. Renaudin emailed the trial court asking that the ex parte motion be set for hearing. The trial court did not set the matter for hearing but, on August 4, signed an ex parte order stating that the court was cancelling the judicial lien "as improperly filed, as it is premature as there is no final judgment against Defendant-Appellee Bosworth by Plaintiff-Appellant Renaudin at this time." Mr. Renaudin filed a motion and order for suspensive appeal, which the trial court granted on August 14, 2023.

Mr. Renaudin assigns three errors on appeal. In his first assignment of error, he contends the trial court erred in cancelling the mortgage without giving him notice and an opportunity to be heard. He argues that this error renders the cancellation a nullity under La. C.C.P. art. 2002 and La. C.C.P. art. 641.[2]

La. C.C.P. art. 963, entitled "Ex parte, contradictory, and unopposed motions; rule to show cause," provides, in pertinent part:

> A. If the order applied for by written motion is one to which the mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
>
> B. If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.

Additionally, Rule 9.8 of Louisiana's Rules for District Courts provides, in pertinent part:

---

[2] La. C.C.P. art. 2002 provides in pertinent part that a final judgment shall be annulled if it is rendered: "(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken."
La. C.C.P. art. 641 provides: "A person shall be joined as a party in the action when … (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may … (a) As a practical matter, impair or impede his ability to protect that interest."

> (a) *Contradictory Exceptions and Motions.* All exceptions and motions … shall be accompanied by a proposed order requesting that the exception or motion be set for hearing. If the exceptor or mover fails to comply with this requirement, the court may strike the exception or motion, may set the matter for hearing on its own motion, or take other action as the court deems appropriate. …
>
> \*\*\*
>
> (d) *Ex parte motions.* Paragraphs (a) and (b) do not apply to:
>> (1) unopposed motions;
>> (2) motions in which all affected parties have joined; or
>> (3) motions permitted by law or by these Rules to be decided ex parte.

Mr. Bosworth's "ex parte motion to cancel lien" presented to the trial court did not satisfy the requirements of La. C.C.P. art. 963 or District Court Rule 9.8 (d), as it did not provide some basis at law or in the Court Rules to support an ex parte ruling. Moreover, the motion did not include a copy of the recorded judgment; merely alleged that the May 17th judgment was not a final judgment; and did not provide any evidentiary, jurisprudential, or statutory support for the contention that a non-final judgment cannot be recorded in the public records.

Underlying La. C.C.P. art. 963 and Local Rule 9.8 is a fundamental tenet of our justice system: the protection of a litigant's right to notice and an opportunity to be heard. *See*, *e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice … to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). *See also Matherne v. Guilliot*, 544 So.2d 723 (La. App. 3rd Cir.), *writ denied*, 551 So.2d 633 (La. 1989) (finding that a mandamus proceeding that cancelled a mortgage without notice to the mortgagee violated the due process rights of the mortgagee as guaranteed by the Fourteenth Amendment of the U.S. Constitution and Article I, § 2 of the Louisiana

Constitution); *Avants v. Kennedy*, 02-830 (La. App. 1 Cir. 12/20/02), 837 So.2d 647, 654 (finding that where a motion for attorney's fees was not one to which the mover was "clearly entitled," in that it involved a legal question and the relief sought required supporting proof and documentation, the motion had to be served on and tried contradictorily with the adverse party).

Nothing in the record or at law indicates that Mr. Bosworth was "clearly entitled" to the ex parte relief he requested. As such, when receiving Mr. Renaudin's letter of objection the day after the ex parte motion was filed, the trial court should have set the matter for contradictory hearing rather than sign an ex parte order granting Mr. Bosworth the relief he requested.

Mr. Renaudin argues in his second and third assignments of error that the trial court erred in finding that recordation was "premature" and the judgment could not be recorded while appellee's writ application was pending in the Louisiana Supreme Court. He argues that La. C.C.P. art. 2252 contemplates recordation of a judgment even before the judgment is final, citing *Matherne*, 544 So.2d at 727 ("La. C.C.P. art. 2252 does not prohibit, and in fact specifically allows for, the recordation of a judgment prior to the lapse of the delay for a suspensive appeal.").

We agree that the trial court erred in finding recordation of the judgment was premature. Furthermore, we disagree with Mr. Bosworth's contention that this matter is moot now that the Louisiana Supreme Court has denied his writ application.[3]

A judicial mortgage is created by filing a judgment with the recorder of mortgages. La. C.C. art. 3300. Once property is so encumbered, it cannot be transferred to the prejudice of the mortgage. La. C.C. art. 3307(2); *Twin Branches*

---

[3] *See* Footnote 1, *supra*.

*Real Estate v. Hall*, 40,615 (La. App. 2 Cir. 1/25/06), 920 So.2d 964, 967. "[A]ll mortgages rank in the order they are filed in the mortgage records in the parish where the real estate is located. That mortgage which is recorded first has priority over subsequently recorded mortgages. … [C]onventional, judicial, and legal mortgages are all on the same footing." *Oupac, Inc. v. Carmouche*, 20-570 (La. App. 3 Cir. 5/12/21), 321 So.3d 430, 436 (*quoting* PETER S. TITLE, 1 LA. PRAC. REAL EST. § 15:2 "Mortgage priority" (2d ed. 2020)). La. C.C. art. 3320 further provides:

> Recordation has only the effect given it by legislation. It is not evidence of the validity of the obligation that the encumbrance secures. It does not give the creditor greater rights against third persons than he has against the person whose property is encumbered.

In short, the date that a judgment is recorded affects the judgment creditor's ability to execute against the judgment debtor vis-à-vis other potential creditors. Mr. Renaudin's act of recording the May 17, 2023 judgment on May 19, 2023 established his priority over subsequent judgment creditors.

In *Cheleno v. Selby*, 538 So.2d 706 (La. App. 4th Cir.), *writ denied*, 542 So.2d 1384 (1989), the plaintiff received judgment in his favor against the defendant and recorded the judgment in the mortgage records for Orleans Parish. The defendant then obtained an order for a suspensive appeal, filed an appeal bond, and asked the Recorder of Mortgages to cancel the inscription of the judgment in the mortgage records. The Recorder of Mortgages complied with the defendant's request. The plaintiff then filed a rule to compel the Recorder of Mortgages to reinstate the inscription of the judgment. The trial court dismissed the rule, and the plaintiff appealed. The appellate court determined that the method of obtaining erasure of the mortgage was fatally defective, and the recorder's cancellation of the mortgage was done in error. As such, plaintiff-appellant was entitled to have the judgment reinstated as of the original date of recordation. *Id.* at 707.

We find the trial court's ex parte order is procedurally defective and substantively erroneous. Accordingly, we annul the trial court's ruling. La. C.C.P. art. 2002. As in *Cheleno*, *supra*, Mr. Renaudin is entitled to have the judgment reinstated as of the original date of recordation.

## DECREE

For the foregoing reasons, we annul the trial court's order cancelling Mr. Renaudin's judicial mortgage and order the Recorder of Mortgages for the Parish of Orleans to reinstate the May 17, 2023 judgment in the mortgage records, effective as of the original date and time of recordation.

**<u>TRIAL COURT ORDER ANNULLED;</u>**
**<u>ORIGINAL RECORDATION REINSTATED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 14, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-499

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
AMANDA L. SULLIVAN (APPELLANT)      FRANK W. LAGARDE, JR. (APPELLANT)      AUTUMN A. TOWN (APPELLEE)
BRIAN A. PENA (APPELLEE)      GRAHAM L. BOSWORTH (APPELLEE)

**MAILED**