286 So.2d 177 (1973)
Elliott Benny JOHNSON
v.
FAIRMONT ROOSEVELT HOTEL, INC. and XYZ Insurance Company.
No. 5912.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
*178 Jules A. Fontana, Jr., New Orleans, for plaintiff-appellant.
Christovich & Kearney, Robert E. Peyton, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and SCHOTT, JJ.
LEMMON, Judge.
In this appeal from a summary judgment which dismissed plaintiff's action for damages, the issue before us is whether the Fairmont Roosevelt Hotel has borne its burden of showing the absence of any genuine issue of material fact.
Plaintiff, who had been employed by the Hotel as a night audit cashier, was arrested for the theft of certain funds entrusted to him by his employer. After the criminal proceedings were nolle prosequied, plaintiff filed this suit, alleging that the Hotel had initiated the proceedings maliciously and without probable cause.
In this court the parties limited their arguments to the tort of malicious prosecution (although the facts alleged may have constituted other bases for recovery). At a trial on the merits of the malicious prosecution action, the plaintiff would be required to prove by a preponderance of the evidence that persons for whom the Hotel was responsible initiated the proceedings maliciously and without probable cause and that the proceedings terminated in his favor. Taulli v. Gregory, 223 La. 195, 65 So.2d 312 (1953). However, in the summary judgment proceedings before us, the Hotel had the burden to establish by undisputed facts that at least one of these necessary elements did not exist.
In support of its motion for summary judgment, the Hotel relied on an affidavit by its comptroller and on its answers to interrogatories. These documents asserted that the assistant manager instructed plaintiff to leave his employment during the evening of September 11, 1970, after he refused to obey orders; that plaintiff returned the funds in a "house bank" to a safety deposit vault, which had been assigned to him; that although requested twice by telephone to return the key to the vault, plaintiff did not do so; that on September 17 the auditor, in the presence of two other employees (not the comptroller), opened the bank with a duplicate key, which was under the control of the auditor and the comptroller, and found over $1,000.00 to be missing; that the comptroller reported the missing money to the New Orleans Police Department and asked for an investigation, but expressly told the police that the Hotel did not wish to press charges against plaintiff; and that there was no desire on the part of the Hotel to maliciously prosecute plaintiff.
In his counter affidavit, plaintiff averred that on September 11 he was involved in a dispute with the assistant manager, who directed him to lock up the cash, turn in the bank and leave, which he did; that he was instructed not to return until called, but was never called; that he unsuccessfully attempted to contact the assistant manager for several days and finally spoke to the personnel manager, who stated he would investigate and call him back; that he heard nothing further until September 17, 1970, when the comptroller informed him by telephone that they had broken open the box and found funds missing; *179 that the comptroller instructed him to remain home that day and wait for someone to call on him about the missing funds; and that the police came instead and arrested him for theft from the Hotel.
The Hotel contends it established sufficient facts to prove (1) that its employees did not institute or authorize the criminal proceedings and (2) that its employees acted without malice and with probable cause. Further contending that plaintiff's counter affidavit did not raise a dispute as to these established facts, the Hotel argues plaintiff cannot rely on the bare allegations of his pleading to raise such a dispute.
We disagree that there was no genuine issue as to any facts material and necessary to the determination of the malicious prosecution action in the Hotel's favor. As to initiation of the proceedings, the comptroller admittedly reported the missing funds to the police and apparently furnished information connecting plaintiff in some manner with these funds. His further statements that the police were not requested to arrest plaintiff and were expressly told that the Hotel did not desire to press charges were implicitly contradicted by plaintiff's assertion that the police did arrest him immediately after the Hotel's report and that charges were indeed brought against him. Perhaps affidavits from the Police Department could have settled this disputed factual issue, but plaintiff did not have the burden to produce such affidavits.
We therefore conclude that the Hotel has not established for summary judgment purposes that there is no genuine factual issue as to whether or not responsible Hotel employees initiated or authorized the proceedings against plaintiff.
The existence of malice or improper motive involves a determination of a person's intention or state of mind, which is normally a conclusion made after weighing the facts and circumstances of a particular case. The summary judgment device is rarely appropriate for such a subjective determination. Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La.App. 3rd Cir. 1969). The comptroller's conclusory statement that "there was no desire on the part of the hotel to maliciously persecute Mr. Johnson" does not establish beyond factual dispute that no person for whom the Hotel was responsible acted with improper motivation in initiating the criminal proceedings. Furthermore, plaintiff's statement of friction with the assistant manager, followed by a denial that he received any telephone calls to return the key, raises a factual issue as to motive and intent.
The issue of probable cause involves an evalution of the reasonableness of a person's action in the light of that person's knowledge and of existing circumstances. In this case a person other than the affiant had access to the duplicate key. The affiant was not present when the bank was opened. The affiant had no personal knowledge that plaintiff was not the victim of his own mistake or of some one else's error in the handling of the funds. Affiant's statement that he twice asked plaintiff's to return the key and in a third telephone call requested an explanation of the missing funds was contradicted by plaintiff's statement that he received no calls other than the one informing him that funds were missing and that an investigator would contact him.
Again, the summary judgment procedure is rarely appropriate for a factual determination such as whether a reasonable man would have initiated criminal proceedings on the information available and under the circumstances existing at the time. The state of the record does not place all material facts beyond dispute. Since more than one conclusion can be drawn from the documents in the record as to the reasonableness of the conduct in the present case, a summary judgment was improper.
Perhaps the circumstances related by plaintiff will not be sufficient at a trial on the merits to prove the necessary elements *180 of his case by a preponderance of the evidence.[1] Nevertheless, the weighing of evidence has no place in a summary judgment proceeding, nor does consideration of the likelihood of plaintiff's success at a trial on the merits. The function of the court is not to determine the merits of the issues presented, but only to determine whether or not there are factual issues. See Jones v. Davis, 233 So.2d 310 (La.App. 2nd Cir. 1970) and the cases cited therein.
The summary judgment procedure is designed to avoid a trial on the merits in cases involving only disputed issues of law; however, the procedure is not designed as a substitute for a trial on the merits in cases involving disputed issues of relevant facts.
The judgment of the trial court is reversed, and it is now ordered that the motion for summary judgment be denied and the case remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Plaintiff's difficult burden of proving malice and lack of probable cause reflects the consideration that a malicious prosecution action runs contrary to the public policy favoring exposure of crime.