305 So.2d 724 (1974)
Betty J. Ledet, wife of and Richard BERGER
v.
FIREMAN'S FUND INSURANCE COMPANY et al.
No. 6500.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
*725 Francipane, Regan & St. Pee (Phillipi P. St. Pee and Wayne H. Scheuermann, Metairie), for plaintiffs-appellants.
Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans (H. Martin Hunley, Jr., New Orleans), for Drs. Rizza and Carter, defendants-appellees.
Before LEMMON, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiffs appeal from a dismissal of their suit against defendants, Drs. Frank A. Rizza and Robert L. Carter, on the basis of a motion for summary judgment.
Plaintiffs had filed suit for the wrongful death of their seven year old daughter, alleging that on March 28, 1972, the child sustained a puncture injury in a school yard accident when a piece of wire was thrown by a lawn mower; that she was taken to the hospital for emergency treatment and was admitted for surgery in connection with the injury, which surgery was performed by defendant doctors; that in the course of the operation defendants punctured the child's left kidney or failed to discover a puncture wound of the kidney during the operation; that they failed to diagnose the condition of, treat and care for the child before, during and after the operation; and that as a result the child died on March 29, 1972. It was also alleged that employees of the hospital were negligent in failing to observe the child's post operative condition and to notify defendant doctors of the need for a second surgical procedure.
On discovery deposition of the parents it was learned that on July 18, 1972, they had *726 executed a release containing the following preamble:
"PERSONALLY CAME AND APPEARED:
BETTY J. LEDET, wife of/and RICHARD BERGER
who declared that appearers assert a claim for damages against the Jefferson Parish School Board because of the death, injuries, damages, loss of love and affection, medical expenses and funeral expenses arising out of or as a result of a certain accident alleged to have been sustained by their minor daughter, Karen Sue Berger at or near the Joshua Butler Elementary School in Marrero, Louisiana, on or about March 28, 1972 and claims that the said Jefferson Parish School Board is liable for the said death, injury, damages, loss of love and affection, medical expenses and funeral expenses, but the said Jefferson Parish School Board expressly denies that it is in any way liable therefor.
Appearers further declare that it is nevertheless the desire of both of the appearers and the Jefferson Parish School Board to compromise and settle this claim and any and all controversies and claims which appearers have or may claim to have against Jefferson Parish School Board, received or sustained as a result of the death of their minor daughter, Karen Sue Berger at any other time or place, or as the result of the said death, injury, damages, loss of love and affection, medical expenses and funeral expenses."
The release then recites that in consideration for a payment of $20,000 to each parent and $2,730 to both (which is for medical and funeral bills):
". . . appearers, for themselves, their heirs and assigns do hereby expressly release and forever discharge the Jefferson Parish School Board, and all other persons from any and all claims or damages arising out of or in any way connected with the death, injury, damages, loss of love and affection, medical expenses and funeral expenses of the said minor daughter, Karen Sue Berger, and any and all injury, costs, damages or expenses received or sustained by appearers as the result thereof, at or about the time and place stated above, or at any other time or place, irrespective of how the same may have arisen, or under what laws; and appearers hereby acknowledge for themselves, their heirs and assigns, full and final satisfaction thereof and therefor."
The hospital and its insurer filed the exception of res judicata based upon the said release and the trial judge maintained the exception, dismissing plaintiffs' suit against them. No appeal was taken from this judgment and it is now final. Thus the summary judgment in favor of the doctors is the only judgment on appeal to this Court.
The doctors' motion for summary judgment was based upon the fact that the payment to plaintiffs by the School Board was in consideration of a release from liability for the child's death in favor of the School Board "and all other persons." The doctors contend that they are necessarily and clearly included in these words of the release.
Plaintiffs assign the following errors:
". . . the dismissal of plaintiffs' suit against Doctors Rizza and Carter based upon a release given to them by the Jefferson Parish School Board for the injury received by Karen Berger on school premises, is not proper basis for a summary judgment.
". . . the claim of Mr. and Mrs. Berger against Doctors Rizza and Carter is a separate cause of action growing out of separate acts of negligence, and therefore, a release given to another party, namely the Jefferson Parish School Board, for still other acts of negligence, *727 cannot be considered as releasing doctors Rizza and Carter unless they were joint tort feasors which is a question of fact which could only be determined upon a trial of the matter."
In support of these specifications of error plaintiffs argue that their intention in signing the release agreement was manifestly to release the School Board only for its liability and could not be construed to include the doctors whose liability as far as plaintiffs were concerned was independent of the School Board's liability.
A compromise to be valid requires that the parties intended the same result. They must have agreed to adjust their differences by mutual consent. LSA-C.C. Art. 3071. To affirm the summary judgment before us we would have to conclude that there is no issue as to material fact respecting the intentions of plaintiffs when they signed the agreement. This we cannot do because there is clearly an issue of fact as to what they intended. Applicable is the jurisprudence to the effect that the summary judgment is often not appropriate so as to show subjective facts such as motive, intent, malice, good faith or knowledge. Johnson v. Fairmont Roosevelt Hotel Inc., 286 So.2d 177 (La. App. 4th Cir. 1973), Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La.App. 3rd Cir. 1969).
But the foregoing does not address itself to some additional issues raised by the doctors in this Court. First, they contend that since there is only one action for wrongful death accruing to the survivors deemed eligible under LSA-C.C. Art. 2315 plaintiffs, who accepted in a settlement an amount "obviously intended to fully compensate them for the death," necessarily compromised the whole wrongful death claim. Second, they contend that if the doctors are liable to plaintiffs their liability is in solido with the School Board and the release of the School Board without reservation of rights against the doctors had the effect of releasing the doctors under LSA-C.C. Art. 2203.
On the first point, the doctors beg the question that the amount of the settlement, $20,000 to each parent, was intended to compensate them fully. The proper amount could only be arrived at after a trial and an appropriate exercise of discretion by the trial judge. While recent jurisprudence would indicate that the amount paid by the School Board is in the range of judgments recently awarded by our courts in death actions for young children we can easily conceive of evidence which might lead to a greater award in this particular case. Obviously, plaintiffs have only one death action and can recover only one time, but if they show that they were not fully compensated for the loss of their child by the School Board they may be able to recover the difference from the doctors.
As to the legal effect of plaintiffs' failure to include in the release a reservation of rights to proceed against the doctors it is clear that a release in favor of a co-debtor in solido discharges all others in the absence of a reservation of rights to proceed against the others. LSA-C.C. Art. 2203, Dodge v. Central Louisiana Electric Company, 257 So.2d 802 (La.App. 3rd Cir. 1972). Therefore, if the doctors are liable in solido with the School Board for the child's wrongful death they are discharged from liability because of the release by operation of law.
Plaintiffs' second assignment of error to the effect that the in solido nature of the doctors' liability depends upon a showing that they are joint tort feasors is an oversimplification and is not a valid premise for their contention that issues of fact must be resolved on a trial of the case to determine whether they are joint feasors or not.
It is apparent from plaintiffs' pleadings that the doctors and the School Board cannot *728 be joint tort teasors as defined by C.C. Art. 2324:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
If the School Board committed a tort it involved the operation of the lawn mower. The doctors' alleged negligence in treating the child can hardly fit the definition of a joint tort feasor as above set forth. Their tort was independent and separated from that of the Board. So the doctors' in solido liability, if it exists, for the wrongful death of the child is not dependent on a joint tort feasor theory, but it may exist because of the law which makes the original tort feasor liable for all of the damages to the plaintiff even though the original damages are aggravated by the negligence of a treating physician.
In Hudgens v. Mayeaux, 143 So.2d 606 (La.App. 3rd Cir. 1962), the following was said:
". . . it is likewise well settled that the tort-feasor is responsible for the personal injuries of the injured person following the tort, even though such injuries are aggravated by the plaintiff's attending physician; such aggravation is regarded as a part of the immediate and direct damages naturally flowing from the original tort, rather than as resulting from an intervening cause. See 25 C.J. S. Damages § 20, p. 652; 15 Am.Jur. `Damages', Section 457."
Following the above statement of law the Court in Thibodaux v. Potomac Insurance Company, 201 So.2d 159 (La.App. 1st Cir. 1967) held that the tort feasor was liable to the plaintiff for damages sustained in the aggravation of injuries to the plaintiff's teeth because of the negligence or unskilled treatment of the original treating dentist. Likewise, in Hillebrandt v. Holsum Bakeries, Inc., 267 So.2d 608 (La.App. 4th Cir. 1972), this Court held that the tort feasor is liable for additional suffering caused his tort victim by inappropriate treatment by the attending physician in the form of excessive treatment or over treatment for the plaintiff's injuries.
These cases hold that the tort feasor owes the full amount of damages including that part caused by the negligence of the treating physician. We see no distinction where such negligent treatment produces the death of the patient. It is obvious that a negligent physician would be liable for damages resulting from his negligence but not for the initial damages where they could be separated. Thus, as to the subsequent damages only, the original tort feasor and the physician might be liable in solido.
It should be noted here that the depositions of the doctors tend to refute any charges of negligence against them. But this matter is here on a motion for summary judgment and for our purposes in discussing the effect of the release we accept as true the allegations of plaintiffs' petition.
Obligations are either several or joint or in solido. C.C. Art. 2077. Several obligations are produced when what is promised by one is not promised by the other, Art. 2078. Since the School Board, if a tort feasor, and the doctors might be both liable to plaintiffs for the wrongful death the obligation would not be several. In joint obligations, several persons join to do the same thing, Art. 2080, but in a suit on a joint contract all obligors must be made defendants, Art. 2085. This situation would not exist in the instant case because plaintiffs could have sued the School Board as tort feasor or the doctors or both for the wrongful death. As to in solido obligations, the following codal article is pertinent:
"Art. 2091. There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is *729 made by one of them, exonerates the others toward the creditor."
It seems clear from the foregoing that the doctors might be liable in solido with the School Board for the wrongful death if the evidence established that the School Board committed a tort causing the child to require the medical treatment and that her injuries were aggravated to the point of causing her death as a result of the doctors' negligence in treating her. This conclusion is bolstered by a consideration of several cases concerned with the right of one who is vicariously liable or technically or constructively at fault to seek indemnification from his co-debtor who was the real tort feasor. Williams v. Marionneaux, 240 La. 713, 124 So.2d 919; Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, Sutton v. Champagne, 141 La. 469, 75 So. 209.
But the foregoing principles become applicable only if the facts are established that both the School Board and the doctors were negligent and that both were liable in solido for the wrongful death of the child. One missing factual element in this case is a showing that the School Board's negligence caused the child to be injured. Neither in the pleadings, the release nor the depositions is there a statement that the School Board committed any act of negligence. It is said only that plaintiffs had charged that the School Board was liable for the wrongful death and that the Board denied liability. If the Board's negligence is established at a trial on the merits and if the evidence brings the case within the purview of the doctrine of Hudgens v. Mayeaux, supra, quoted above, it would follow that the Board and the doctors would be liable in solido for the child's wrongful death and that the release in favor of the Board without a reservation of rights to proceed against the doctors had the effect of releasing the doctors pursuant to LSA-C.C. Art. 2203. But these issues of a material fact prevent a disposition of the case on a motion for summary judgment.
Accordingly, the summary judgment in favor of defendants, Dr. Frank A. Rizza and Dr. Robert L. Carter, is reversed and the matter is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.
GULOTTA, Judge (concurring).
While I agree with the majority that this matter be remanded and that if it is shown the School Board committed a tort causing the child to receive medical treatment and that her injuries were aggravated to the point of causing her death as a result of the doctors' negligence in treating her, the doctors might become solidary obligors. However, it is my opinion that if plaintiffs can additionally show the doctors' negligence was a remote, intervening and independent act not connected with the required operative procedure or required medical treatment caused by the original tort feasor, then plaintiffs can recover against the doctors irrespective of the release (without reservation) in favor of the School Board. For example, if during the course of an operation for a leg injury resulting from an automobile accident the patient's eye was injured through some negligent act of the doctor, are we to conclude that a release in favor of the original tort feasor (without reservation) releases the doctor from liability? I think not.
Plaintiffs allege a cause of action separate and distinct from that against the School Board.
We cannot conclude from the allegations of the petition that the doctors are solidarily liable with the School Board. In the instant case, the petition alleges negligence of the doctors that is remote from the original injury. Plaintiffs claim damages resulting from an intervening cause of death. It is plaintiffs' position that there *730 is no connection between the injury sustained by the child from the negligence of the School Board's employees and the unrelated puncture of the kidney by the defendant doctors.
In cases cited by the majority where the parties were held to be solidarily liable, there was a connection between the injury sustained from the original tort and the claimed negligent acts of the doctor. In Hudgens v. Mayeaux, 143 So.2d 606 (La. App. 3rd Cir. 1962), the doctor misinterpreted a ruptured disc for soft tissue injury. In Thibodaux v. Potomac Insurance Company, 201 So.2d 159 (La.App. 1st Cir. 1967), there was a faulty or negligent capping of teeth which were broken in the accident. In Hillebrandt v. Holsum Bakeries, Inc., 267 So.2d 608 (La.App. 4th Cir. 1972), the excessive treatment complained of was related to the injury received.
Whether or not the doctors' negligence is connected to, aggravated or directly flowed from the original tort or is a remote, unconnected, intervening act, independent of the original tort, is a factual question. Necessarily, therefore, there is a material issue of genuine fact which will not allow a disposition of this matter to be made on a motion for summary judgment. At a trial a connexity or aggravation of the initial injury may be shown which might result in a determination that the School Board and doctors are solidarily liable. The evidence might show also no connection between the alleged negligent acts of the School Board and the alleged negligent acts of the doctors. Opportunity should be afforded to permit evidence to be introduced to support plaintiffs' position that the doctors' negligence was a remote, independent, intervening act which is not connected to nor aggravated the original injury resulting in a conclusion that the doctors are not solidarily liable with the School Board. By the same token, the same opportunity should be afforded to defendants to show connexity between the original injury and the operative procedure and medical treatment administered by them or an aggravation of the initial injury. In such instance, if any negligence is established on the part of the doctors, the release would be effective as to them because they would be solidarily liable with the School Board.
Accordingly, I would remand consistent with the above.