325 So.2d 626 (1976)
Emile LOETZERICH
v.
TEXAS PACIFIC-MISSOURI PACIFIC TERMINAL RAILROAD OF NEW ORLEANS et al.
No. 7156.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
Rehearing Denied February 10, 1976.
Writ Refused March 23, 1976.
*627 Edward J. DeMartini, Kenner, for plaintiff-appellee.
Phelps, Dunbar, Marks, Claverie & Sims, J. Barnwell Phelps, J. Kirby Barry, New Orleans, for defendant-appellant.
Porteous, Toledano, Hainkel & Johnson, Christopher E. Lawler, New Orleans, for intervenor.
Before GULOTTA, BOUTALL and MORIAL, JJ.
MORIAL, Judge.
On July 25, 1972, plaintiff, Emile Loetzerich, was injured when a 1500 pound railroad boxcar door which he was attempting to open came off its tracks due to a missing roller. After trial by jury, the owner of the boxcar, St. Louis-San Francisco Railway Company, was found negligent and was cast in judgment for the total sum of $176,700.00.
Defendant appeals alleging that: (1) the trial court lacked jurisdiction; (2) plaintiff's testimony lacked sufficient credibility in order to sustain his burden of proof; (3) plaintiff received in effect double recovery by virtue of a $5,600.00 award to the workmen's compensation intervenor, United States Fidelity and Guaranty Company; (4) plaintiff was awarded excess past lost earnings and; (5) the trial *628 court erred in admitting evidence as to an inflation factor. We affirm.
Defendant argues the vitality of the "mere solicitation of business" rule enunciated in Green v. Chicago, B., & Q.R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916 (1907) as authority for its assertion that the trial court lacked jurisdiction. Although this case may not have been specifically overruled by the landmark decision of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (as defendant asserts) its effect was significantly erroded and it is clearly no longer the law. See Guillot v. Southern Pacific Company, 287 F.Supp. 65 (E.D.La.1968).
Defendant has solicited business in Louisiana since 1971 and maintains two offices within the state which employ five people. During the period October 1971 through September 1973 defendant furnished 1038 boxcars to Joseph Schlitz Brewing Company in Memphis, Tennessee for shipment of beer to plaintiff's employer in New Orleans. Considering the extent of its Louisiana operations, defendant is subject to the jurisdiction of the courts of this state. LSA-R.S. 13:3201(d).
Defendant's contention that plaintiff's testimony is inconsistent with the testimony of his corroborating witness and other evidence is unsubstantiated by the record. We believe that for all intents and purposes plaintiff and his eyewitness, Oscar Gordon, were in full accord. The evidence established that the upper right roller of the boxcar door was missing and that this missing roller was the cause of the door falling. Any minor variation in testimony as to exactly how the injury occurred is of no moment for the evidence taken as a whole clearly preponderates in favor of the conclusion that plaintiff's serious injury resulted from the falling door. We also find no significant inaccuracies in any other portion of plaintiff's testimony which would enable us to disregard the great weight which must be accorded to the credibility findings of the jury.
Defendant claims that the jury's award of $5,600.00 for past medical expenses to the workmen's compensation insurer of plaintiff's employer amounts to double recovery. After reviewing the record, we conclude this contention lacks merit. By consent of all parties, it was agreed as a matter of convenience that any award for past medical expenses would go directly to plaintiff's employer's compensation insurer (intervenor) as reimbursement. We do not find that the jury made any other award for medical expenses. There has been no double award.
The sum awarded by the jury for past lost earnings was also not erroneous. An expert actuarial witness for plaintiff testified plaintiff's wages at the time of the accident were $10,121.00 per year. Utilizing this figure, he calculated that from the date of the accident, July 25, 1972, to the date of trial, March 8, 1975, plaintiff had lost $26,453.00. The record is not clear as to how long after the accident, if at all, plaintiff continued to receive wages from his employer. Plaintiff's 1972 income tax return is not dispositive of this issue because there is testimony that past due vacation pay was included in the amount reported as income from wages on that tax return. The jury faced with this dilemma awarded $26,000.00. A loss of earnings claim need not be proved with mathematical certainty, but only by such proof which reasonably establishes the claim. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). We believe plaintiff reasonably proved his claim and that the judgment is in conformity with the evidence.
Defendant's final argument concerns the trial court's admission of evidence pertaining to inflation in dealing with the future loss of earnings award. Defendant contends inflation is too speculative to be considered in such an award *629 and cites the case of Johnson v. Penrod Drilling Company, 510 F.2d 234 (5 Cir. 1975) as authority. While we admit that Johnson does stand for this proposition, the courts of Louisiana have expressed a contrary viewpoint. Our courts have consistently recognized that the decreasing purchasing power of the dollar due to constant rises in living expenses is a proper element of consideration in damage awards. Edwards v. Sims, 294 So.2d 611 (La.App. 4 Cir. 1974); Goutierrez v. Travelers Insurance Company, 107 So.2d 847 (La.App. 1 Cir. 1959). We see no compelling reason at this time to deviate from this established position.
For the aforestated reasons, the judgment of the district court is affirmed. Defendant is to pay all costs.
Affirmed.