WILLIAMS, Judge.
This, is an appeal from a judgment awarding plaintiff Genevia Young $140,-000.00 in damages for injuries she received while shopping at a store owned by defendant, Schwegmann Brothers Giant Supermarkets, Inc. [Schwegmann].
On June 9, 1980, plaintiff was injured while shopping at Schwegmann. She eventually filed suit against the store to recover for her injuries. After trial by jury, plaintiff was awarded $140,000.00. Defendant appeals to this court, alleging three errors committed below: (1) negligence on the part of the store was not proven; (2) the jury chose to believe the testimony of the wrong medical witnesses; and (3) the jury award was excessive. Plaintiff filed an answer to the appeal requesting additional damages because the appeal was frivolous, and an increase in the jury award for damages.
FACTS
Plaintiff was shopping in defendant’s store on June 9, 1980. A store employee was unloading crates of potatoes from a flat cart when the cart upended and struck plaintiff in the back. Several weeks after the accident she sought medical attention for pain in her back. Her original treating physician upon learning that she was a diabetic, tested plaintiff and found her blood sugar four times above the normal level. At this time she was placed in the hospital. Further tests showed her to be anemic.
Dr. Vernon Kroll testified that the accident may have aggravated plaintiff’s condition because she did not eat properly or take her insulin. He also stated that her eating habits could have been affected by the pain she was suffering from her back injury. Another internist testified that a blow to the back could create a problem with a diabetic condition because psychic and physical stress “often triggers a more difficult diabetic control.” He said that plaintiff could possibly suffer a severe diabetic neuropathy which, if uncorrected, could cause permanent nerve damage. He stated that the vast majority (90%) of diabetics who suffer neuropathy do so once their diabetes becomes uncontrolled.
Furthermore, a neurosurgeon testified that the pain plaintiff was suffering could not have been strictly the result of diabetes, but had to have been caused by some type of trauma. The neurosurgeon performed a lumbar myeleogram and diagnosed two ruptured discs in plaintiff’s back. Dr. Ray Haddad, Jr. testified at trial that he performed routine tests and diagnosed a ruptured lumbar disc and prescribed conservative treatment.
LIABILITY
Defendant argues that plaintiff failed to prove that her injuries were the result of negligence on the part of Schwegmann.
Sherman Baltimore, an employee of Schwegmann, was in charge of the cart that struck plaintiff. He had originally loaded the cart, which was long, flat, and sideless, with nine boxes of potatoes, each box weighing 50 pounds. Apparently, some boxes fell off the cart, the flat cart raised up, presumably because of the shift in weight distribution, and hit plaintiff. Plaintiff’s back was to the cart and her basket was in front of her at the time that the incident occurred. Baltimore was questioned at trial as to the cause of the accident:
*253 “Q. In the process of loading the cart or unloading the cart, could you have caused the weight to shift as you were taking boxes off?
A. It could have been that.”
(Record at 77).
A reasonable jury could have found on the basis of Baltimore’s testimony that it was his negligence in the loading of the boxes on the flat cart that caused their weight to shift, which in turn caused the flat cart to rise up, striking the plaintiff. Although this evidence is not overwhelming, it nevertheless forms a reasonable basis for which the jury could find defendant negligent. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
MEDICAL TESTIMONY
The defendant argues that the jury should have given greater weight to the testimony of Dr. Haddad than to that of the other testifying physicians.
This court is bound to give great weight to the credibility findings of a jury. Loetzerich v. Texas Pacific-Missouri Pacific Terminal R.R. of New Orleans, 325 So.2d 626 (La.App. 4th Cir.1976) writ den., 329 So.2d 469. We are not entitled to substitute our findings of fact based on credibility determinations made by the jury. Pierre v. Landry, 341 So.2d 891 (La.1977). In the instant case, the jury listened to the testimony of a number of physicians who treated the plaintiff. Apparently, the jury rejected the testimony of Dr. Haddad in favor of that of other testifying witnesses. We find no manifest error in the jury’s decision to accept the testimony of some witnesses over the testimony of others.
This assignment is without merit.
QUANTUM
Defendant argues that the award of $140,000.00 given to plaintiff is clearly excessive. At trial, • both parties stipulated that plaintiff suffered medical damages in the amount of $8,192.22.
Plaintiff was in her late forties when the incident occurred. She had been employed most of her life as a domestic. At trial, her lost wages until trial were established at $10,400.00. Dr. Melville Wolf son, an expert witness testifying in the area of economics, stated that plaintiff’s lost wages in the future would amount to $65,591.00 and she would also lose $8,758.00 for food that she would be allowed to consume at her employer’s houses during her work days. Apparently, the jury found that as a result of her accident, plaintiff would be unable to work in the future. She had to be hospitalized as a result of the accident and suffered numerous complications, including heart trouble, back problems and uncontrolled diabetes as a result of the trauma.
At trial evidence was presented that her medical expenses, lost wages both past and future, and lost food expenses total approximately $93,000.00. We can only conclude that the jury took into consideration all of the elements of damage, both special (lost wages and medical expenses) and general (pain and suffering), and the award, therefore, was within its discretion and not subject to revision on appeal. See Reck v. Stevens, 373 So.2d 498 (La.1978).
Both defendant’s and plaintiff’s arguments for a change in the jury’s award are, therefore, without merit.
FRIVOLOUS APPEAL
Plaintiff answered defendant’s appeal requesting damages for defendant’s having taken a frivolous appeal.
This court is allowed to award damages for frivolous appeal. La.Civ.C.Pr. art. 2164. Appeals, however, are favored and damages for frivolous appeal are not granted unless they are clearly due. E.g. Maxwell v. State, Through Department of Transportation Development, 391 So.2d 1230 (La.App. 1st Cir.1980). Damages are only to be awarded when it is obvious that the appeal was taken solely for the purpose of delay or that counsel does not seriously believe in the position that he advocates.
In the instant case, it is not manifestly obvious, or plaintiff has failed to prove, that this appeal is frivolous. Al *254 though defendant’s arguments were without merit, damages are not warranted in this case.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.