459 So.2d 705 (1984)
Shirley Weber, wife of/and William WEBER, individually and on Behalf of their minor daughter, Gaynell Weber
v.
CHARITY HOSPITAL OF LOUISIANA AT NEW ORLEANS and Interstate Blood Bank of Louisiana, Inc.
No. CA 1853.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
Writ Granted January 14, 1985.
*706 Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, for appellant.
John C. Combe, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for appellee-Interstate Blood Bank of Louisiana, Inc.
J. Thomas Nelson, New Orleans, for appellee-Charity Hospital of Louisiana at New Orleans.
Mark C. Landry of Newman, Drolla, Mathis, Brady & Wakefield, New Orleans, *707 for appellee/defendant-in-ruleThomas D. McCaffery, Jr., M.D.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
CIACCIO, Judge.
Plaintiffs appeal from a judgment dismissing their suit against Charity Hospital and Interstate Blood Bank, Inc. Plaintiffs had sued to recover for damages suffered by Gaynell Weber when she contracted hepatitis after receiving blood transfusions. The trial court reasoned that defendants should be dismissed because plaintiffs had previously released other solidary obligors and had not specifically reserved their rights against defendants. We affirm.
Gaynell Weber, the guest passenger in a car driven by her mother, Shirley Weber, was injured when her car collided with a car driven by Jimmie Smith. In a suit separate from this one under consideration, Gaynell, through her tutor, sued Jimmie Smith and sued the insurance company of her host driver in liability and for uninsured motorist coverage. Gaynell settled her claims against her host driver's insurance company and executed a release. She specifically reserved all rights against Jimmie Smith and his insurance company.
While undergoing treatment at Charity for the injuries received in the automobile accident, Gaynell received blood transfusions. Shortly after her discharge from Charity, Gaynell showed signs of having contracted hepatitis. Her condition was diagnosed as type non-A non-B hepatitis.
Plaintiffs' petition in this case alleges that Charity and Interstate Blood Bank, Inc. are liable for Gaynell having contracted hepatitis.
After a trial on the merits the trial judge found that the evidence established that Shirley Weber, Gaynell's host driver, negligently caused the collision responsible for Gaynell's initial injuries. We have reviewed the entire record and we cannot say that this factual finding by the trial court is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, the remainder of our discussion will be premised upon the fact that Shirley Weber is the original tortfeasor because she negligently caused the accident.
When there are more than one obligor or obligee, the obligation may be either several or joint or in solido. La.C.C. Art. 2077. An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. La.C.C. Art. 2091. The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his rights against the latter. La.C.C. Art. 2203.
The original tort-feasor is responsible for the injuries of the injured person following the tort even though such injuries are aggravated by negligent or unskillful treatment. Such aggravation is regarded as a part of the immediate and direct damages naturally flowing from the original tort, rather than as resulting from an intervening cause. Erdey v. American Honda Co., Inc., 415 So.2d 449 (La.App. 1st Cir.1982); Berger v. Fireman's Fund Insurance Company, 305 So.2d 724 (La. App. 4th Cir.1974); Hillebrandt v. Holsum Bakeries, Inc., 267 So.2d 608 (La.App. 4th Cir.1972); Hudgens v. Mayeaux, 143 So.2d 606 (La.App. 3d Cir.1962). Shirley Weber and her insurer were responsible for the injuries Gaynell originally sustained as a result of the collision, as well as for any aggravation of those injuries which may have occurred during treatment. If there were any liability on the part of defendants for aggravation of Gaynell's injuries during treatment, that liability would be in solido with Shirley Weber and her insurer. Erdey v. American Honda Co., Inc., supra; Berger v. Fireman's Fund Insurance Company, supra.
It is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation. Once the extent of each debtor's liability has been determined, *708 there is an in solido obligation as to their common liability to the injured party. While one item of damages may be recoverable against one debtor and not the other, the parties are liable in solido as to every item for which plaintiff can compel payment from either. Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192 (La.1983).
The release in favor of Shirley Weber's insurer did not expressly reserve any rights against these defendants. Because any liability on the part of these defendants for the aggravation of the original injuries would be in solido with the party released, the release operates as a discharge in favor of these defendants. La. C.C. Art. 2203, Corona v. State Farm Insurance Company, 444 So.2d 763 (La.App. 4th Cir.1984); Berger v. Fireman's Fund Insurance Company, supra.
Accordingly, the judgment of the district court is affirmed.
Plaintiffs have also appealed from a judgment of the district court which does not involve the merits of this case. Thomas D. McCaffery, Jr., M.D., testified at trial as an expert. After trial Dr. McCaffery sent plaintiffs' attorney a bill for services rendered. Plaintiffs' attorney disputed his obligation to pay the bill and filed a "Motion to Set Expert Fees If Any Are Due to Dr. Thomas D. McCaffery, Jr.". Dr. McCaffery filed an "Exception of Improper Use of Summary Proceedings" wherein he prayed that the rule be dismissed.
The district court maintained the exception and dismissed the motion. Plaintiffs have appealed the judgment. Dr. McCaffery has answered the appeal and has asked for damages for frivolous appeal and attorney fees.
Dr. McCaffery maintains that he is owed a fee based upon a contractual arrangement with plaintiffs' attorney. Plaintiffs' attorney argues that no fee is owed because the doctor's testimony was not helpful to plaintiffs, and that the doctor was a fact witness, qualified as an expert only after being declared a hostile witness.
While not improper to ask the trial court to set expert fees as an element of costs to be paid by the party cast, a rule to tax costs is not the proper vehicle to determine the obligations due under a contract. An agreement entered into by a party as to the fee which an expert is to receive, or the statement of the expert as to his charges, or even the actual payment of such a fee to the expert, are not binding on the court and are not criteria to be used by the court in fixing the expert fees to be assessed as costs in the suit. La.C.C.P. Art. 1920; La. R.S. 13:3666; Wetzka v. Big Three Industries, Inc., 409 So.2d 393 (La.App. 4th Cir. 1982); State Department of Highways v. Gordy, 322 So.2d 418 (La.App. 3d Cir.1975). Any fees taxed as costs would not finally determine the contractual issues. Whether a contract exists and whether any obligation remains due under the contract should be decided in an ordinary proceeding between the parties alleged to have contracted.
Plaintiffs' "Motion to Set Expert Fees..." manifests an intent to resolve the dispute concerning Dr. McCaffery's charges by way of a summary rule to tax costs. This was improper. The trial judge correctly maintained the doctor's exception and dismissed the motion.
By answer to the appeal Dr. McCaffery has requested attorney fees and damages for frivolous appeal. This court is allowed to award damages for frivolous appeal. La.C.C.P. Art. 2164. Appeals are favored, however, and damages for frivolous appeal are not granted unless they are clearly due, e.g., when there are no serious legal questions, when it is manifest the appeal was taken solely for the purposes of delay, when it is evident that appellant's counsel is not serious in advocating the view of law which he presents. Young v. Schwegmann Giant Supermarkets, Inc., 430 So.2d 251 (La.App. 4th Cir.1983).
In the instant case it is not obvious, nor has Dr. McCaffery demonstrated to our satisfaction that this appeal is frivolous. Although appellant's arguments are *709 without merit, damages are not warranted in this case.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.