ARMSTRONG, Judge.
Plaintiff, Geralda Ivon Breun, as testamentary executrix of the Succession of Louis E. Breun, appeals from a trial court judgment rendered in a partition proceeding, denying her reimbursement for attorney’s fees.
The deceased, Louis E. Breun, was the owner of an undivided one-third (⅛) interest in two pieces of real property located in New Orleans. Plaintiff petitioned the court to partition the properties. Defendants, Sidney and Edward Breun, objected. The trial court appointed a notary and ordered the properties sold at public auction. One defendant filed an opposition to the distribution of funds from the sales, contending that plaintiff was not entitled to $4,500.00 in attorney’s fees, taxed as costs of court. The trial court agreed and denied plaintiff’s claim.
On appeal[1] plaintiff asserts that her attorney’s fees should be taxed as costs of court under a theory of unjust enrichment. She claims the services were performed by her attorney in connection with preserving, protecting, and maintaining the two pieces of property, thus benefitting all of the parties involved. In addition, plaintiff claims to have expended $927.65 in filing the suit, having the property appraised, maintaining the property, and miscellaneous expenses. It had been agreed that plaintiff would be awarded the sum of $927.65 as reimbursement for these expenditures, but, apparently, counsel for plaintiff chose not to sign a consent judgment providing for same, and instead took this appeal. At oral argument, counsel for defendant-appellee conceded that plaintiff was entitled to the $927.65.
La.C.C.P. art. 4613 provides:
“When there is no contest of the partition proceeding by any defendant, the court shall allow the attorney for the plaintiff a reasonable fee for his services. Except as provided in the second paragraph of this article, the fee shall be taxed as costs of court and paid out of the mass of the funds or the property partitioned, or the proceeds of the latter if sold.
No portion of the fee may be paid out of the share of any party represented in the proceeding by an attorney, whether appointed by the court or selected by the party.” (emphasis ours)
In the case at bar, both defendants contested the partition proceeding. Thus, no portion of plaintiff’s attorney’s fees may be taxed as costs of court and paid out of the mass of funds. Nor may such attorney’s fees be taxed against either of the defendants. See Cheramie v. Archer, 360 So.2d 537 (La.App. 1st Cir.1978).
We find no merit to plaintiff’s assertion that she is entitled to the attorney’s fees under a theory of unjust enrichment. It is true that many of the disputed fees were for services rendered in connection with maintaining the property so it could eventually be sold at public auction. However, we are unable to separate these fees so that they do not fall under the umbrella of La.C.C.P. art. 4613. All of the services were related to the partition proceeding.
Because it was conceded that plaintiff is entitled to reimbursement of the $927.65 in expenditures, we will award her this amount.
Defendant-appellee seeks damages for frivolous appeal under La.C.C.P. art. 2164. Appeals are favored and damages for frivolous appeal are not to be awarded unless it is obvious that the appeal was taken solely for the purpose of delay or that counsel could not have seriously believed in the position advocated. Weber v. Charity Hospital of Louisiana at New Orleans, 459 So.2d 705 (La.App. 4th Cir. *1320 1984), reversed on other grounds, 475 So.2d 1047 (La.1985); Young v. Schwegmann Giant Supermarkets, Inc., 430 So.2d 251 (La.App. 4th Cir.1983).
Despite our disposition of this appeal, we are unable to say that it is obvious that the appeal was taken solely for the purpose of delay or that plaintiffs counsel could not have seriously believed in the position he has advocated. Therefore, we cannot award defendant damages for frivolous appeal.
For the foregoing reasons, we amend the judgment of the trial court to award plaintiff the sum of $927.65. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AMENDED, AFFIRMED AS AMENDED.

. In his brief on appeal plaintiff apparently seeks payment of an outstanding Sewerage and Water Board bill. Plaintiff did not request payment of this bill at the trial court level so we will not consider it on appeal. See Rule 1-3, Uniform Rules, Courts of Appeal (West, 1989).