Mrs. Ethel **OBEDIENCIA** and Vincent Obediencia, Appellants,

v.

**LIBERTY MUTUAL INSURANCE COMPANY** et al., Appellees.

No. 25459.

United States Court of Appeals Fifth Circuit.

Nov. 14, 1968.

Herman M. Schroeder, Schroeder, Kuntz & Miranne, New Orleans, La., for appellants.

C. Gordon Johnson, Jr., Porteous & Johnson, Wood Brown, New Orleans, La., for appellees.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

PER CURIAM:

Appellants complain of inadequacy of a jury verdict for personal injuries arising out of a truck-automobile collision and of improper jury argument of Appellees' counsel. The accident occurred when a truck operated by Defendant Appellee Ryder Truck System backed into the Obediencia vehicle, as a result of which Appellants' car sustained damages in the amount of $44.90. The jury awarded $1044.90 to Appellant Vincent Obediencia and $100.00 to Appellant Ethel Obediencia. Appellant Vincent Obediencia claimed to have sustained $1574.66 special medical damages, $1325.00 of which was incurred for examinations and treatments by a Dr. Salatich. Mrs. Obediencia was examined by a Dr. Phillips, who diagnosed her injury as "sprain of right wrist". The nature, character and extent of the injuries of Appellants, as well as the reasonableness and necessity of their medical treatment and expenses, are jury questions. The medical testimony presented by both sides is extensive and, viewing this record as a whole, the awards to the respective plaintiffs are not such as to shock the judicial conscience and raise an irresistible inference that passion, prejudice, or other improper cause invaded the trial. Morgan v. Labiak, 368 F.2d 338 (10 Cir. 1966); B. F. Goodrich Tire Co. v. Lyster, 328 F.2d 411, 418 (5 Cir. 1964). This point is without merit.

The record shows that 19-year old Ethel Obediencia was living with 58-year old Vincent Obediencia in what they believed to be a common law marriage (not recognized in Louisiana). The trial judge had ruled that evidence as to this situation would be admitted and there was no objection to such ruling, and it is not questioned here. The argument complained of pointed out that Appellants were coming into U. S. District Court asking for something guaranteed to them by their constitutional rights, that is, a trial by jury, at a time when the two of them were living together, and had lived together, while both were married to other parties. No objection was made to this argument and in view of the admission of the evidence it is not so inflammatory that it could not have been cured by a proper instruction by the trial judge. This point also is without merit and accordingly the judgment of the trial court is

Affirmed.