William Wayne BROOKS, Plaintiff-Appellant,

v.

GREAT LAKES DREDGE–DOCK COMPANY, Defendant-Appellee.

No. 84–3109.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1985.

---

Rivers & Beck, Larry W. Rivers, Robert L. Beck, Jr., Alexandria, La., for plaintiff-appellant.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Edward J. Koehl, Jr., New Orleans, La., for defendant-appellee.

On Petition for Rehearing.

(Opinion of November 29, 1984, 754 F.2d 536).

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The defendant-appellee Great Lakes Dredge-Dock Company (Great Lakes) has filed a petition for panel rehearing. In its application, it contends that the original panel decision ordering a new trial should be modified, and the scope of the new trial limited to contributory negligence. Finding merit to its argument, we grant Great Lakes' petition, and modify our original order.

I.

■ After a trial on the merits, the district court instructed the jury that contributory negligence is a failure on the part of an injured party to use *ordinary* care for his own safety under the circumstances at the time and place in question. That instruction was erroneous, however, as we have consistently held that under the Jones Act, a seaman's duty to protect himself is not ordinary care, but slight care. In our original opinion, we found that the court's instruction required the jury to hold the plaintiff, William Wayne Brooks, to a higher degree of care than was legally proper, and since this error was not harmless, we held that he was entitled to a new trial.

The judgment of the district court was based on the jury's answers to special interrogatories submitted in accordance with Federal Rule of Civil Procedure 49. In response to the special interrogatories, the jury found that Great Lakes' negligence contributed to Brooks' injury, that Brooks was contributorily negligent, and that the vessel upon which Brooks worked was not unseaworthy. The jury also found, in response to the special interrogatories, that Brooks was seventy-five percent contributorily negligent, and that the total amount of damages before reduction for any contributory negligence was $23,000.

II.

■ Courts must order a complete retrial of issues "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Products v. Champlin Refining*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931); *see also Eximco, Inc. v. Trane Co.*, 748 F.2d 287 (5th Cir.1984). Great Lakes argues on petition for rehearing, that the issue of contributory negli-

gence is separable from the issues of damages and unseaworthiness. Additionally, it states that the wording of Interrogatory No. 5 concerning damages insured that the jury's damage award was not affected by the jury's determination of contributory negligence.[1]

In *Gallo v. Crocker*, 321 F.2d 876 (5th Cir.1963), the plaintiff obtained a judgment against the defendant McCrory after the trial court directed the jury that the plaintiff was entitled to a judgment against either McCrory or another defendant, Crocker, but not against both of them. On appeal, we found that the jury instruction was erroneous, and ordered a partial retrial on the issue of whether or not the plaintiff's injury was caused by the concurrent negligence of both defendants. The court did not allow the relitigation of the extent of damages, however, holding that the jury's finding on that point should remain undisturbed.

■ Similarly, we find that under the facts of this case, the issue of contributory negligence is distinct and separable from the issues of Great Lakes' negligence, the extent of damages suffered by Brooks, and unseaworthiness. The jury responded to separate interrogatories. It is clear from their responses that they understood the various facets of this litigation. It is also clear that the determination of contributory negligence did not affect the damage award. This conclusion is buttressed by the fact that after being requested by the jury for further explanation of Interrogatory No. 5, the district court expressly stated that the award of damages should be made without regard to the determination of contributory negligence.

The error we noted in our original opinion was that the district court incorrectly instructed the jury on the standard of care a seaman must exercise in order to protect himself. We also noted, however, the inequity which resulted in this case since the defendant had requested the district court give the proper instruction. Upon reconsideration, we feel that a new trial should be limited to the issue of contributory negligence. Brooks had a fair opportunity to prove damages in his first trial. The jury determined that the total damages suffered by Brooks as a result of his injury, irrespective of the source of fault, was $23,000. There was no trial error committed on this distinct issue. The amount of damages clearly is not interwoven with the issue of contributory negligence and, through the use of special interrogatories, was kept unmistakably separate by the jury. Additionally, to allow Brooks a new trial on an issue that was not affected by the erroneous jury instruction would not only be a windfall to him, but would also be judicially wasteful.

### III.

■ In our original opinion, we found it unnecessary to address whether the quantum of damages awarded was unreasonable. Our resolution of the Great Lakes' petition for rehearing, however, requires that we now address this issue. Brooks argues that the damage award is inadequate to compensate him for the injuries he suffered since he underwent two operations and suffered continual residual pain. The nature, character and extent of the injuries are questions for the jury. *Obediencia v. Liberty Mutual Insurance Co.*, 403 F.2d 654 (5th Cir.1968). In reviewing a jury award of damages on appeal, the court is actually reviewing the district court's denial of a motion for a new trial. *Sam's Style Shop v. Cosmos Broadcasting Corp.*, 694 F.2d 998 (5th Cir.1982). The standard of review of the denial of such a motion is whether the district court abused its discretion. *Kotz v. Bache Halsey Stuart, Inc.*, 685 F.2d 1204 (9th Cir.1982).

■ The evidence produced at trial indicated that Brooks complained to a doctor in Alexandria of pain in his toe resulting from the injury. This doctor testified that after removing a small neuroma, he could offer

---

1. The full wording of Interrogatory No. 5 is as follows:

Without any reduction for negligence on the part of the plaintiff, if any, what amount do you find will fairly and adequately compensate plaintiff for the damages he sustained as result of the accident of May 28, 1982?

no medical explanation for Brooks' complaints of pain. He also described Brooks' limp from the injury as so slight that only Brooks and his immediate family could detect it. Additionally, an orthopedic surgeon who examined him was of the opinion that Brooks was following a normal course of recovery, and would be able to return to his employment as a deckhand.

Following his recovery, Brooks was employed as an air conditioning service technician and repairman, and later was employed on a construction project. At trial Brooks claimed that he was unable to climb. This testimony was impeached by a Great Lakes' investigator, however, who observed Brooks climb a ladder over twenty times while working on an addition to his father's home. After reviewing the record, we do not find that the trial court abused its discretion in failing to award a new trial on the amount of damages.

## IV.

We therefore MODIFY our original opinion, and REMAND for a new trial for the limited purpose of determining the percentage of Brooks' contributory negligence.

OPINION MODIFIED; CASE REMANDED.